TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00688-CV






Carlson's Hill Country Beverage, L.C. and Gulf Western


Financial Services, Inc., Appellants



v.



Westinghouse Road Joint Venture, Appellee






FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY


NO. 3658, HONORABLE ROBERT F. B. MORSE, JUDGE PRESIDING






 Appellee Westinghouse Road Joint Venture sued Carlson's Hill Country Beverage in a
forcible detainer action. The justice court awarded possession to Westinghouse. On de novo review, the
county court awarded possession and other damages to Westinghouse; Carlson's now appeals that
judgment in several points of error. (1) We will reverse and remand in part and affirm in part the county
court's judgment.


FACTUAL AND PROCEDURAL BACKGROUND

 On December 1, 1995, Westinghouse began leasing property to Carlson's. This property
included a commercial building, parking, outside storage, and common areas of other property owned by
Westinghouse. The lease provided for a sixty-month term at a monthly rental of $7,000 plus prorated
property taxes, and imposed obligations on Carlson's such as maintaining insurance on the property. Any
violation of the obligations allowed the lessor to terminate the lease subject to certain notice restrictions. 
In June 1996, Westinghouse brought a forcible detainer action in the justice court alleging that Carlson's
had breached several lease provisions. See Tex. Prop. Code Ann. § 24.001, .002 (West 1997). 
Westinghouse sought possession of the premises, rent and other reimbursements owed under the lease,
unpaid rent accruing to the date of judgment, and attorney's fees. The justice court entered judgment for
Westinghouse, awarding it possession and $2,000 in attorney's fees. See id. §§ 24.006, .0061.

 Pursuant to statute, Carlson's appealed the judgment to the county court for a de novo
review of the cause. See Tex. R. Civ. P. 751. After a bench trial, the county court awarded Westinghouse
possession, rent, prorated property taxes, returned check fee, and attorney's fees. Carlson's now appeals
that judgment in four points of error.


DISCUSSION

 In points of error one and two, Carlson's contends the county court erred in finding that
it materially breached the lease by (1) failing to maintain insurance and allowing a lien to be filed against the
property; (2) failing to pay rent due on May 1, 1996; and (3) failing to cure these breaches within thirty
days following notice by Westinghouse. (2) In a forcible detainer action, the issue of possession is not
appealable if the premises are used for commercial purposes: "A final judgment of a county court in a
forcible entry and detainer suit or a forcible detainer suit may not be appealed on the issue of possession
unless the premises in question are being used for residential purposes only." Tex. Prop. Code Ann.
§24.007 (West 1997). Carlson's does not dispute that the premises in question were leased for commercial
purposes; therefore, it may not appeal any finding essential to the issue of possession.

 In West Anderson Plaza v. Feyznia, the landlord sued a commercial tenant in a forcible
detainer action. 876 S.W.2d 528 (Tex. App.--Austin 1994, no writ). After a jury trial de novo, the court
held that the landlord was entitled to possession because the tenant breached the lease but awarded
damages to the tenant based on his cross-claim. Id. The jury found the same amount of attorney's fees
owing to both parties, and thus made no award. Id. The tenant, who could not appeal the award of
possession, nevertheless attempted to appeal the attorney's fees awarded to the landlord. Specifically, he
argued the evidence was insufficient to support a finding of breach because the landlord failed to give him
notice. Id. at 536. This Court first noted that it could not review the adequacy of notice: "[A] finding on
a threshold issue such as the adequacy of notice before termination cannot be appealed if such a finding
is merely an element of the issue of possession." Id. (citing Academy Corp. v. Sunwest N.O.P., Inc., 853
S.W.2d 833 (Tex. Civ. App.--Houston [14th Dist.] 1979, writ denied)); see also A.V.A. Servs., Inc. v.
Parts Indus., 949 SW.2d 852, 853 (Tex. App.--Beaumont 1997, no writ) (no jurisdiction to review
finding of landlord-tenant relationship because it was issue of possession). Because we held that the
landlord's status as the prevailing party in the suit for possession was not appealable, the tenant's appeal
of the attorney's fees awarded to the landlord in the suit for possession was likewise barred. Id. at 537
(citing Tex. Prop. Code Ann. § 24.007).

 In the instant case, the county court specifically found that Carlson's failed to maintain
insurance, failed to pay rent timely, and failed to cure those breaches within the proper time. The court then
awarded possession to Westinghouse because it found that Carlson's had breached the lease agreement. 
We hold that Carlson's breach of the lease is merely an element of possession and may not be appealed. 
We overrule points of error one and two.

 In point of error four, appellant claims the county court erred in awarding Westinghouse
damages other than for rent and for amounts in excess of the jurisdictional limits of the justice court. The
judgment awarded $14,000 as "rent owed and other reimbursements owed under the terms of the lease." 
Carlson's first argues no rent was due after judgment because it was undisputed that May's rent was paid
and that the lease was terminated June 6, 1996. Therefore, the $14,000 must have been for other
reimbursements. However, the county court expressly concluded that Carlson's was liable for "$14,000
as the rent due June 1, 1996 and July 1, 1996" because Carlson's failed to pay rent but continued to
occupy the premises during the holdover period. (Emphasis added.) "A suit for rent may be joined with
an action of forcible entry and detainer . . . ." Tex. R. Civ. P. 738. Therefore, the county court's award
of unpaid rent is allowed under rule 738. Whether the $14,000 was a proper amount is discussed below.

 Carlson's next claims in the same point of error that the damages of (1) $14,000 for rent;
(2) $5,267.50 in prorated taxes; (3) $20 for returned check fee; and (4) $14,200 in attorney's fees exceed
the county court's jurisdiction because the appellate jurisdiction of a county court is confined to the
jurisdictional limits of the justice court. See Goggins v. Leo, 849 S.W.2d 373, 375 (Tex. App.--Houston
[14th Dist.] 1993, no writ) (finding county court has no jurisdiction on appeal unless justice court had
jurisdiction). 

 The action of forcible detainer was specially created by the legislature to provide a speedy,
simple, and inexpensive means for resolving the question of who is entitled to immediate possession of the
premises. See Krull v. Somoza, 879 S.W.2d 320, 322 (Tex. App.--Houston [14th Dist.] 1994, writ
denied); Martinez v. Daccarett, 865 S.W.2d 161, 163 (Tex. App.--Corpus Christi 1993, no writ). 
Accordingly, the proceeding is governed by particular statutes and procedures contained in the sections
24.001 to 24.011 of the Texas Property Code (West 1997), and Texas Rules of Civil Procedure 738 to
755.

 A justice court in the precinct in which the real property is located has jurisdiction of a
detainer action, the subject of which is limited to actual possession. Tex. Prop. Code Ann. § 24.004 (West
1997); Tex. R. Civ. P. 746. However, a claimant may properly join a suit for unpaid rent provided the
amount does not exceed the jurisdictional limits of the justice court. Tex. R. Civ. P. 738; see Rushing v.
Smith, 630 S.W.2d 498, 499 (Tex. App.--Amarillo 1982, no writ). In the present case, the petition for
forcible detainer was originally brought in a justice court with a jurisdictional limit of $5,000. See Tex.
Gov't Code Ann. § 27.031 (West 1997). The justice court awarded possession and $2,000 in attorney's
fees to Westinghouse, a sum within the court's jurisdiction. Carlson's then appealed this judgment to the
county court.

 An appeal from the judgment of a justice court in a forcible detainer action is by trial de
novo in a county court. Tex. R. Civ. P. 749, 751. After a trial to the court, the county court here awarded
damages for rent, prorated taxes, returned check fee, and attorney's fees. Westinghouse was not required
to file new pleadings in the county court; its original petition requested relief for all of the damages awarded
in the county court. See Powell v. Mel Powers Inv. Builder, 590 S.W.2d 837, 838 (Tex. Civ.
App.--Houston [14th Dist.] 1979, no writ) (general prayer for relief invoked court's subject matter
jurisdiction and was adequate to allow court to award possession of premises). (3) However, Westinghouse
was limited to the damages allowed under rule 752 which permits damage claims related to maintaining
or obtaining possession of the premises during pendency of the appeal to be joined with the detainer
action in the county court. Tex. R. Civ. P. 752 (emphasis added); (4) Krull, 879 S.W.2d at 322; Koelzer
v. Pizzirani, 718 S.W.2d 420, 422 (Tex. App.--Fort Worth 1986, no writ). Damages may include but
are not limited to loss of rentals during the pendency of the appeal and reasonable attorney's fees in the
justice and county courts. Tex. R. Civ. P. 752. Only the party prevailing in the county court shall be
entitled to recover damages. Id. Nothing in the rules limits the damage claims joined in the county court
to the jurisdictional limits of the justice court, as Carlson's argues. To the contrary, rule 752 provides
specifically for recovery of damages occurring after judgment in the justice court, such as lost rentals. Such
claims are considered to be newly brought in county court and are not limited to the justice court's
jurisdiction.

 Therefore, we interpret rule 738 and 752 together to hold: (1) Westinghouse is restricted
to the jurisdictional limits of the justice court for rentals accrued prior to judgment in the justice court, see
Tex. R. Civ. P. 738; Tex. Gov't Code Ann. § 27.031 (West 1997), and (2) Westinghouse may also bring
a suit for damages in the county court and may recover damages in accordance with rule 752. See Tex.
R. Civ. P. 752; see, e.g., Krull, 879 S.W.2d at 322; Goggins, 849 S.W.2d at 375 (appellate jurisdiction,
as opposed to original jurisdiction, of county court in forcible detainer action is limited to jurisdiction of
justice court); Mastermark Homebuilders v. Offenburger, 857 S.W.2d 765, 767 (Tex. App.--Houston
[14th Dist.] 1993, no writ) (allowing appellee to join claim for damages in county court under rule 752). 
The issue then is whether the county court's award of rent, prorated taxes, returned check fee, and
attorney's fees comports with rule 752.

 In order to recover damages under rule 752, Westinghouse must be the prevailing party
and the damages must be related to maintaining or defending possession of the premises during pendency
of the appeal. Tex. R. Civ. P. 752 (emphasis added). The justice court rendered judgment on June 28,
1996, and the county court rendered judgment on August 5, 1996. Thus, the county court was limited to
awarding damages incurred over this thirty-eight day period. See id.; Powell, 590 S.W.2d at 838-39
(measurement for lost rent under rule 752 was for period between justice court's judgment and county
court's judgment). Regarding the $14,000 in rent, the county court awarded rent for June and July of 1996
at $7,000 per month. While lost rentals clearly relate to maintaining possession of the premises, the county
court awarded rent for a period that exceeded the thirty-eight day period of pendency. See Tex. R. Civ.
P. 752.

 We find that under the terms of this lease the obligation to pay property tax is within the
nature of rent and thus related to maintaining possession of the premises. Cf. Copeland v. Tarrant
Appraisal Dist., 906 S.W.2d 148, 150 (Tex. App.--Fort Worth 1995, writ denied) (life tenant who used
and possessed homestead was required to pay property taxes); General Elec. Capital v. Corpus Christi,
850 S.W.2d 596, 598-99 (Tex. App.--Corpus Christi 1993, writ denied) (taxing entity may impose
property taxes on secured party in possession or with right of possession even though legal title not in that
party's name). However, the county court awarded taxes prorated for a term exceeding the period during
the pendency of the appeal; it specifically found that Carlson's was liable for property taxes for December
1, 1995 to August 2, 1996. We hold the court was restricted to awarding only those property taxes owing
during the thirty-eight day period. Additionally, the $20 returned check fee was for two checks returned
in December 1995 and thus was not allowed under rule 752. (5) 

 In the last part of his fourth point of error, Carlson's contends the county court's award
of $14,200 in attorney's fees also exceeds its jurisdictional limits. (6) Under rule 752 the prevailing party may
recover damages which include but are not limited to reasonable attorney's fees in the justice and county
courts provided the requirements of section 24.006 of the Property Code are met. (7) Tex. R. Civ. P. 752
(emphasis added). Rule 752 specifically grants a county court the authority to award attorney's fees in both
the justice and county courts, provided they are reasonable, without regard to the jurisdictional limits of the
justice court. See Rushing, 630 S.W.2d at 500. We hold the county court could have properly awarded
$14,200 in attorney's fees.

 In sum, we hold that while the county court was correct in awarding unpaid rent, damages,
and attorney's fees to Westinghouse, it incorrectly calculated the amount of those damages. In remanding
this portion to the trial court we hold Westinghouse is entitled to the following:


(1) no more than $5,000 as unpaid rent, if any, accruing before the judgment in the justice
court under rule 738;


(2) lost rentals for the thirty-eight day period during the pendency of the appeal under rule
752;


(3) lost property taxes for the thirty eight-day period during the pendency of the appeal
under rule 752; and


(4) attorney's fees accrued in the justice court and county court not restricted to the
jurisdictional limits of the justice court under rule 752. (8)



We overrule in part and sustain in part appellant's fourth point of error.

 In point of error three, Carlson's claims the county court erred in awarding attorney's fees
in the amount of $14,200 because there was insufficient evidence to support such an award. Rule 752
gives the county court discretion to grant or deny attorney's fees. Id. A trial court's judgment will not be
reversed on appeal absent a clear showing that it abused that discretion. See Oake v. Collin County, 692
S.W.2d 454, 455 (Tex. 1985) (when statute provides that court may award attorney's fees where
reasonable, the grant or denial of such lies within discretion of county court).

 Upon reviewing the record, we find the county court did not abuse its discretion because
there is some evidence to support the court's award of attorney's fees. At trial, Westinghouse's attorney,
Mark Dietz, testified to his own hourly rate of $165, his co-counsel's hourly rate of $135 and his
paralegal's hourly rate of $60. He further submitted a fee-billing statement to the county court and testified
that it included an unredacted version of all his expenses totaling $11,028.52. Dietz testified to additional
hours expended but not included in the billing statement: sixteen hours of his time and four hours of his co-counsel's time. At the rates provided, Dietz's additional fees total $3120. Carlson's did not object to the
submission of the billing statement, did not cross-examine Dietz, and failed to introduce any controverting
evidence regarding the reasonableness of the fees charged or time expended. In light of the fees awarded,
the trial court clearly considered the billing statement and the attorney's testimony in determining the amount
of attorney's fees to award. A trial judge may consider several factors in awarding the amount of attorney's
fees, including the quality of legal work, the time and effort required by the attorney, the nature and
intricacies of the case and the benefit resulting from the litigation. See Del Valle Indep. Sch. Dist. v.
Lopez, 863 S.W.2d 507, 513 (Tex. App.--Austin 1993, writ denied). Because there is some evidence
to uphold the award, we hold the county court did not abuse its discretion in awarding to Westinghouse
$14,200 in attorney's fees. We overrule point of error three.


CONCLUSION

 We overrule points of error one and two because this Court is precluded from reviewing
the county court's judgment on the issue of possession. We reverse the judgment of the trial court and
render judgment that the $20 for the returned check fee may not be awarded under rule 752. Although
we hold that the county court may properly award damages for unpaid rentals and property taxes, we hold
the amounts were not properly calculated under rule 738 and rule 752. Tex. R. Civ. P. 738, 752. We
therefore reverse and remand that portion of the cause for proceedings consistent with this opinion. We
affirm the remainder of the county court's judgment.




 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Reversed and Rendered in Part; Reversed and Remanded in Part; Affirmed in Part

Filed: December 18, 1997

Publish

1. Appellant Gulf Western Financial Services, Inc. is involved in this appeal solely as a guarantor of
Carlson's. We refer to appellants collectively as "Carlson's."
2. Upon request, the county court filed findings of facts and conclusions of law including but not limited
to those stated.
3. Rule 751 specifically provides that upon perfection of the appeal, the justice shall stay all further
proceedings on the judgment, make out a transcript from the proceedings and file the same together with
original papers and any money in the court registry with the clerk of the county court of the county in which
the trial was had. Tex. R. Civ. P. 751.
4. Rule 752 states in relevant part:


 On the trial of the cause in the county court, the appellant or appellee shall be permitted to
plead, prove and recover his damages, if any suffered for withholding or defending possession
of the premises during the pendency of the appeal. . . . Id. 752.
5. Rule 752 does not preclude bringing related damage claims under the contract, such as unpaid
property taxes or insurance for the entire period or lost security deposit, but due to the limited nature of
forcible detainer actions such claims must be brought in a separate proceeding, not in the detainer action. 
Tex. R. Civ. P. 738; Tex. Prop. Code Ann. § 24.008 (West 1997); see Home Sav. Ass'n v. Ramirez,
600 S.W.2d 911, 913 (Tex. Civ. App.--Corpus Christi 1980, writ ref'd n.r.e.) (forcible detainer action
does not prohibit filing of related suit in district court); Dews v. Floyd, 413 S.W.2d 800, 805 (Tex. Civ.
App.--Tyler 1967, no writ) (forcible detainer proceeding is not exclusive but is cumulative of any other
remedy a party may have; award for unpaid rent by justice court was found void by county court because
it exceeded jurisdictional limits of justice court, however, such judgment did not preclude suit for other
indebtedness under contract from being brought in district court).
6. In West Anderson Plaza, we held the tenant's appeal of attorney's fees was barred because the
award depended on the landlord's success in the suit for possession, an issue which is not appealable. 876
S.W.2d at 536. Here, Carlson's appeals the amount of attorney's fees awarded to Westinghouse because
it was beyond the jurisdictional limits of the county court and, in point of error three, was insufficiently
supported by the evidence. Carlson's appeal of attorney's fees does not depend on the issue of possession
and is not barred.
7. "[I]f a written lease entitles the landlord to recover attorney's fees, a prevailing landlord is entitled to
recover reasonable attorney's fees from the tenant." Tex. Prop. Code Ann. § 24.006. Carlson's does not
dispute that the lease entitles Westinghouse to attorney's fees.
8. In this case, the award of attorney's fees under rule 752 is subject to our holding in point of error
three that there was sufficient evidence to support the amount awarded.


rror three.


CONCLUSION

 We overrule points of error one and two because this Court is precluded from reviewing
the county court's judgment on the issue of possession. We reverse the judgment of the trial court and
render judgment that the $20 for the returned check fee may not be awarded under rule 752. Although
we hold that the county court may properly award damages for unpaid rentals and property taxes, we hold
the amounts were not properly calculated under rule 738 and rule 752. Tex. R. Civ. P. 738, 752. We
therefore reverse and remand that portion of the cause for proceedings consistent with this opinion. We
affirm the remainder of the county court's judgment.




 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Reversed and Rendered in Part; Reversed and Remanded in Part; Affirmed in Part

Filed: December 18, 1997

Publish

1. Appellant Gulf Western Financial Services, Inc. is involved in this appeal solely as a guarantor of
Carlson's. We refer to appellants collectively as "Carlson's."
2. Upon request, the county court filed findings of facts and conclusions of law including but not limited
to those stated.
3. Rule 751 specifically provides that upon perfection of the appeal, the justice shall stay all further
proceedings on the judgment, make out a transcript from the proceedings and file the same together with
original papers and any money in the court registry with the clerk of the county court of the county in which
the trial was had. Tex. R. Civ. P. 751.
4. Rule 752 states in relevant part:


 On the trial of the cause in the county court, the appellant or appellee shall be permitted to
plead, prove and recover his damages, if any suffered for withholding or defending possession
of the premises during the pendency of the appeal. . . . Id. 752.
5. Rule 752 does not preclude bringing related damage claims under the contract, such as unpaid
property taxes or insurance for the entire period or lost security deposit, but due to the limited nature of
forcible detainer actions such claims must be brought in a separate proceeding, not in the detainer action. 
Tex. R. Civ. P. 738; Tex. Prop. Code Ann. § 24.008 (West 1997); see Home Sav. Ass'n v. Ramirez,
600 S.W.2d 911, 913 (Tex. Civ. App.--Corpus Christi 1980, writ ref'd n.r.e.) (forcible detainer action
does not prohibit filing of related suit in district court); Dews v. Floyd, 413 S.W.2d 800, 805 (Tex. Civ.
App.--Tyler 1967, no writ) (forcible detainer proceeding is not exclusive but is cumulative of any other
remedy a party may have; award for unpaid rent by justice court was found void by county court because
it exceeded jurisdictional limits of justice court, however, such judgment did not preclude suit for other
indebtedness under contract from being brought in district court).
6. In West Anderson Plaza, we held the tenant's appeal of attorney's fees was barred because the
award depended on the landlord's success in the suit for possession, an issue which is not appealable. 876
S.W.2d at 536. Here, Carlson's appeals the amount of attorney's fees awarded to Westinghouse because
it was beyond the jurisdictional limits of the county court and, in point of error three, was insufficiently
supported by the evidence. Carlson's appeal of attorney's fees does not depend on the issue of possession
and is not barred.
7. "[I]f a written lease entitles the landlord to recover attorney's fees, a prevailing landlord is entitled to
recover reasonable attorney's fees from the tenant." Tex. Prop. Code Ann. § 24.006. Carlson's does not
dispute that the lease entitles Westinghouse to attorney's fees.
8. In this case, the award of attorney's fees under rule 752 is subject to