

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROSA SERRANO AND TLP-EPL<br>ENTERPRISES, INC. DBA THE LENS<br>FACTORY; AND ALL OCCUPANTS OF<br>11450 JAMES WATT, SUITE C1 AND C2<br>EL PASO, TEXAS 79936, | § <br> § <br> § <br> § | No. 08-11-00191-CV<br><br>Appeal from the<br><br>County Court at Law Number Five |
| Appellants, | § | of El Paso County, Texas |
| v. | § | (TC# 2011-J00021) |
| FRANCIS PROPERTIES I, LTD., | § | |
| Appellee. | | |

## **O P I N I O N**

Appellee and lessor, Francis Properties I, Ltd., brought suit in justice court against Appellants and tenants, Rosa Serrano, TLP-EPL Enterprises, Inc. d/b/a The Lens Factory (Appellants), and others occupying a commercial premises in El Paso, Texas, for forcible detainer and unpaid rent due under the terms of a commercial lease agreement. On February 28, 2011, a jury returned a verdict in favor of Appellee. Appellants appealed the justice court's ruling to County Court at Law Number Five of El Paso County after posting bond.

After hearing Appellee's motion for summary judgment and Appellants' response thereto, the trial court granted summary judgment in all respects on April 28, 2011, awarded possession of the premises to Francis with writs of possession and execution to issue on or after May 16, 2011,

directed Appellants to pay Appellee actual and necessary attorneys' fees and expenses with post-judgment interest, and ordered, adjudged, and decreed the summary judgment to be a final order disposing of all claims and all parties in the matter.

**DISCUSSION**

Appellants, appearing *pro se*, present twelve issues for our consideration, which include challenges to jurisdiction. We first address Appellants' jurisdictional challenges, which suffer from the same briefing inadequacies as the non-jurisdictional issues we discuss below.

In the body of their argument, Appellants present jurisdictional challenges under two headings: Subject Matter Jurisdiction and Jurisdictional Limits. Because Appellants' jurisdictional issues embrace more than one specific ground of error, they are multifarious. *See Mays v.* State, 318 S.W.3d 368, 385 (Tex. Crim. App. 2010); *In re J.L.B.*, 349 S.W.3d 836, 839 n.5 (Tex. App. – Texarkana 2011, no pet.). Accordingly, we decline to address any issue presented therein other than jurisdiction.

The existence of subject matter jurisdiction is a question of law. *State Dept. of Highways and Public Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). When the nature of the case falls within the general category of cases that the court is empowered to adjudicate pursuant to applicable statutory and constitutional provisions, subject matter jurisdiction exists. *City of El Paso v. Arditti*, 378 S.W.3d 661, 665 (Tex. App. – El Paso 2012, no pet.). Jurisdiction over a forcible detainer suit is expressly given to the justice court in the precinct where the property is located and on appeal, to the county court for a trial *de novo.* *See* TEX. R. CIV. P. 749; TEX. PROP. CODE ANN. § 24.004 (West Supp. 2012); *see Puentes v. Fannie Mae*, 350 S.W.3d 732, 738 (Tex. App. – El Paso 2011, pet. dism'd); *Padilla v. NCJ Development Inc.,* 218 S.W.3d 811, 815 (Tex.

2

App. – El Paso 2007, pet. dism'd w.o.j.). It is undisputed that Appellee's property is located in the precinct where the property is located. Therefore, the justice court, and the county court on appeal, had subject matter jurisdiction of the forcible detainer action.

The appellate jurisdiction of a statutory county court is confined to the jurisdictional limits of the justice court, and the county court does not have appellate jurisdiction if the justice court did not initially have jurisdiction. *See Puentes*, 350 S.W.3d at 738; *Padilla,* 218 S.W.3d at 815. A justice court has original jurisdiction of civil matters in which exclusive jurisdiction is not in the district or county court and in an amount in controversy that is not more than $10,000, exclusive of interest. TEX. GOV'T CODE ANN. § 27.031(a)(1) (West Supp. 2012). The amount in controversy here consists of Appellants' unpaid rent totaling $9,604. Accrued interest and post-judgment attorney's fees are not normally considered in determining the amount in controversy. *See Tarrant Restoration v. TX Arlington Oaks Apartments, Ltd.*, 225 S.W.3d 721, 726 (Tex. App. – Dallas 2007, pet. dism'd w.o.j.); *Crumpton v. Stevens,* 936 S.W.2d 473, 477 (Tex. App – Fort Worth 1996, no writ). Because the amount in controversy was within the jurisdictional limits of the justice court, jurisdiction vested in the justice court and county court.

On our own motion, we next consider our jurisdiction to consider any issue related to possession of the premises. In a forcible detainer case, the sole issue is the right to immediate possession of the premises. TEX. R. CIV. P. 746 (the only issue to be resolved is the right of actual possession; the merits of title shall not be adjudicated); *see Padilla,* 218 S.W.3d at 814. A justice court and, on appeal, a county court lack jurisdiction to resolve any questions of title beyond immediate right to possession. *See Puentes*, 350 S.W.3d at 738; *Black v. Washington Mut. Bank*, 318 S.W.3d 414, 417 (Tex. App. – Houston [1st Dist.] 2010, pet. dism'd w.o.j.).

At the time the county court's judgment in this case was rendered, Section 24.007 of the Texas Property Code provided, "A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only."[1] TEX. PROP. CODE ANN. § 24.007 (West Supp. 2012); *see also Chang v. Resolution Trust Corp.,* 814 S.W.2d 543, 545 (Tex. App. – Houston [1st Dist.] 1991, orig. proceeding) (court of appeals was without appellate jurisdiction over action that awarded possession of commercial property in a forcible entry and detainer suit); *Carlson's Hill Country Beverage, L.C. v. Westinghouse Road Joint Venture,* 957 S.W.2d 951, 952–53 (Tex. App. – Austin 1997, no pet.) (Section 24.007 precludes appellate review of issue of possession of commercial premises and of "any finding essential to the issue of possession"). It is undisputed that Appellants used the premises at issue for commercial purposes and not for residential purposes. Therefore, we are without jurisdiction to review the county court's determination on the issue of possession of the commercial premises or any finding that is essential to the issue of possession. TEX. PROP. CODE ANN. § 24.007 (West Supp. 2012); *Chang,* 814 S.W.2d at 545; *Carlson's Hill Country Beverage, L.C.,* 957 S.W.2d at 952–53. Appellants' jurisdictional challenges are overruled.

Because we have jurisdiction to address Appellants' non-possession-related issues, we consider those that remain. In Issue Two, Appellants ask, "Does Rule 143a set [a] deadline for appeal of justice court judgment to county court to attain jurisdiction of subject matter?" Issue Ten posits, "Notice is required prior to termination, does inadequate notice prescribe a court without subject matter jurisdiction to render a valid judgment?" Appellants have presented Issue

---

[1] Notwithstanding any other law, a county court's final judgment in an eviction suit rendered after January 1, 2012, may be appealed. *See* TEX. PROP. CODE ANN. § 24.007 (West Supp. 2012).

Eleven as, "Jurisdictional limits exceeded, can trial court attain jurisdiction?" As worded, these issues ask that we provide advisory opinions. Advisory opinions decide abstract questions of law without binding the parties. *Cook v. Tom Brown Ministries*, 385 S.W.3d 592, 600 (Tex. App. – El Paso 2012, pet. denied). It is well-settled that courts of appeals are without authority to render advisory opinions. *See Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 S.W.2d 440, 444 (Tex. 1993); *Cook*, 385 S.W.3d at 600. Therefore, we decline to address these issues as stated.

We also conclude that we need not reach Appellants' remaining complaints because we find them to be inadequately briefed. Initially, we recognize that Appellants are acting *pro se* on appeal, and that we must construe their appellate brief liberally. *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989). We also observe that Appellant Rosa Serrano has a lengthy history of filing *pro se* briefs.[2] A party proceeding *pro se* must comply with all applicable procedural rules. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App. – El Paso 2007, no pet.); *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App. – El Paso 2006, no pet.); *Clemens v. Allen*, 47 S.W.3d 26, 28 (Tex. App. – Amarillo 2000, no pet.); *Harris v. Showcase Chevrolet*, 231 S.W.3d 559, 561 (Tex. App. – Dallas 2007, no pet.). If that were not the case, *pro se* litigants would be afforded an unfair advantage over those represented by counsel. *Valadez*, 238 S.W.3d

---

[2] Among the suits in which Serrano has filed *pro se* briefs are: *Serrano v. Union Planter's Bank, N.A.*, 155 S.W.3d 381 (Tex. App. – El Paso 2004, no pet.); *Serrano v. Union Planter's Bank, N.A.*, 162 S.W.3d 576, 577 (Tex. App. – El Paso 2004, pet. denied); *In re Serrano*, 224 S.W.3d 225 (Tex. App. – El Paso 2005, orig. proceeding); *Serrano v. Ryan's Crossing Apartments*, 241 S.W.3d 560, 562 (Tex. App. – El Paso 2007, pet. denied); *TLP-EPL Enterprises, Inc. v. El Paso Times*, No. 08-07-00114-CV, 2007 WL 2269733, at *1 (Tex. App. – El Paso Aug. 9, 2007, no pet.) (mem. op., not designated for publication); *Serrano v. First Prestons Mgmt. Corp.*, 346 S.W.3d 648 (Tex. App. – El Paso 2009, no pet.); *In re Serrano*, No. 08-11-00145-CV, 2011 WL 2112753, at *1 (Tex. App. – El Paso May 27, 2011, no pet.) (mem. op., not designated for publication); *Serrano v. Francis Properties I, Ltd.*, No. 08-11-00190-CV, 2011 WL 5189595, at *1 (Tex. App. – El Paso Nov. 2, 2011, no pet.) (mem. op., not designated for publication); *In re Serrano*, No. 08-11-00294-CV, 2012 WL 163772, at *1 (Tex. App. – El Paso Jan. 18, 2012, no pet.) (mem. op., not designated for publication); *In re Serrano*, No. 08-11-00366-CV, 2012 WL 248044, at *1 (Tex. App. – El Paso Jan. 25, 2012, no pet.) (mem. op., not designated for publication); *In re Serrano*, No. 08-12-00020-CV, 2012 WL 812384, at *1 (Tex. App. – El Paso Mar. 7, 2012, no pet.) (mem. op., not designated for publication); *Serrano v. Pellicano Business Park, LLC*, No. 08-12-00186-CV, 2012 WL 3100846, at *1 (Tex. App. – El Paso July 31, 2012, no pet.) (mem. op., not designated for publication).

at 845; *Martinez v. El Paso County*, 218 S.W.3d 841, 844 (Tex. App. – El Paso 2007, pet. struck); *Holt v. F.F. Enterprises*, 990 S.W.2d 756, 759 (Tex. App. – Amarillo 1998, pet. denied). Therefore, on appeal, the *pro se* litigant must properly present her case. *Valadez*, 238 S.W.3d at 845; *Martinez*, 218 S.W.3d at 844; *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App. – Dallas 2004, pet. denied); *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App. – Amarillo 2003, pet. denied).

An appellant's brief is required, in part, to contain: (1) a statement of the case concisely stating the nature of the case, the course of proceedings, and the trial court's disposition of the case, each of which should be supported by citation to the record and without discussion of the facts; (2) a statement of facts that must be supported by record references; and (3) "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(d), (g), (i); *see also Slagle v. Prickett*, 345 S.W.3d 693, 700 (Tex. App. – El Paso 2011, no pet.); *Valadez*, 238 S.W.3d at 845; *see Walder v. State*, 85 S.W.3d 824, 827 (Tex. App. – Waco 2002, no pet.) ("counsel should identify the evidence or other matters in the record (*e.g.*, pleadings, arguments, or objections) pertinent to the issue or point 'with appropriate citations . . . to the record[.]'"). We are not required to sift through the record in search of facts supporting a party's position. *Nawas v. R & S Vending,* 920 S.W.2d 734, 737 (Tex. App. – Houston [1st Dist.] 1996, no writ) (an appellate brief must include a fair, condensed statement of facts pertinent to the points of error raised with references to pages in the record where facts may be found, and appellate court is not required to search record without guidance to determine whether a party's assertions regarding facts of case are valid); *see also Lawton v. State,* 913 S.W.2d 542, 554 (Tex. Crim. App. 1995) (when a party does not refer the appellate court to the

precise pages in the record where the error allegedly occurred, the appellate court may properly overrule the issue as inadequately briefed); *Alvarado v. State,* 912 S.W.2d 199, 210 (Tex. Crim. App. 1995) (it is not an appellate court's task to review the record in an attempt to verify appellant's claims).

When the appellate issue is unsupported by argument or lacks citation to the record or legal authority, nothing is presented for review. *Republic Underwriters Ins. Co. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004); *Valadez,* 238 S.W.3d at 845; *Martinez*, 218 S.W.3d at 844; *Plummer*, 93 S.W.3d at 931; *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App. – Houston [14th Dist.] 2002, no pet.). As we noted in *Valadez*:

> It is the Appellant's burden to discuss her assertions of error. An appellate court has no duty - or even right - to perform an independent review of the record and applicable law to determine whether there was error. Were we to do so, even on behalf of a *pro se* appellant, we would be abandoning our role as neutral adjudicators and become an advocate for that party.

*Valadez*, 238 S.W.3d at 845 (citations omitted).

Here, Appellants have provided no record citations in their brief for their statement of the case, statement of facts, or arguments in support of their issues. *See* TEX. R. APP. P. 38.1(d), (g), (i). Moreover, Appellants' brief presents statements, facts, and argument that are unclear, incomplete, and sometimes non-sensical. We therefore overrule Appellants' non-possession-related complaints as inadequately briefed. *See* TEX. R. APP. P. 38.1; *Sterling v. Alexander*, 99 S.W.3d 793, 799 (Tex. App. – Houston [14th Dist.] 2003, pet. denied) (issue inadequately briefed when party failed to make proper citations to authority or the record and in failing to make a cogent argument).

**CONCLUSION**

7

The trial court's judgment is affirmed.


                                    GUADALUPE RIVERA, Justice

August 21, 2013

Before McClure, C.J., Rivera, and Rodriguez, JJ.

8