AL SCOGGINS, Justice
In this forcible-entry-and-detainer action, relator, High Pointe Investments, LLC, has filed a petition for writ of mandamus asserting that the trial court abused its discretion by allowing real party in interest, John Margetis, to post a supersedeas bond to appeal an adverse judgment pertaining to a property that is not being used for residential purposes only. Because we agree that the trial court abused its discretion, we conditionally grant High Pointe's mandamus petition.
I. BACKGROUND
This proceeding arises from a suit for forcible entry and detainer and a writ of possession pertaining to commercial real property bought by High Pointe at a foreclosure *387 sale and leased by Margetis. The property in question includes storerooms and parking areas, is located in Midlothian, Texas, and is not being used for residential purposes only.
The trial court ultimately granted a directed verdict for High Pointe and entered an order of possession and final judgment, which stated that: (1) High Pointe is entitled to possession of the property in question and that possession has been wrongfully withheld from High Pointe by Margetis; (2) High Pointe provided proper notice to Margetis to vacate the property; and (3) the property is not being used for residential purposes only. Accordingly, the trial court ordered that High Pointe recover possession of the property and that the issuance of a writ of possession be issued upon the expiration of ten days from the signing of the order, to be issued on High Pointe's request without further order or notice. The possession order also provided that Margetis could supersede this order by the posting of a supersedeas bond in the amount of $5,000 per month. More specifically, the order provided the following:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that supersedeas bond is set in the amount of $5,000 per month with the first payment due on or before Friday March 2, 2018 and a like payment of $5,000 being due on the second day of each month thereafter. Payment should be made into the registry of the court.
(Emphasis in original).
On March 2, 2018, High Pointe's counsel submitted a letter to the trial court requesting the issuance of the writ of possession pursuant to the possession order. On the same date, Margetis filed a cash deposit in lieu of supersedeas bond for $5,000. High Pointe's writ of possession was subsequently denied, and High Pointe filed its mandamus petition in this Court. Thereafter, we requested a response to High Pointe's mandamus petition from all interested parties to be filed within twenty-one days of April 3, 2018. None of the interested parties have filed a response.
II. STANDARD OF REVIEW
Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion when there is "no adequate remedy by appeal." In re Prudential Ins. Co. of Am. , 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding) (citations omitted). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." Walker v. Packer , 827 S.W.2d 833, 840 (Tex. 1992). "Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." Id. (citations omitted). In addition, a trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. Id. at 839. Regarding the resolution of factual issues or matters committed to the trial court's discretion, relator must establish that the trial court could reasonably have reached only one decision. Id. at 839-40. We cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable, even if we would have decided the issue differently. Id. at 840.
With respect to the "adequate remedy by appeal" prong, the Texas Supreme Court has noted that the operative word, "adequate," does not have a comprehensive definition. In re Prudential Ins. Co. of Am. , 148 S.W.3d at 136. "Instead, it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts."
*388 In re Reynolds , 369 S.W.3d 638, 646 (Tex. App.-Tyler 2012, orig. proceeding) (citing In re Prudential Ins. Co. of Am. , 148 S.W.3d at 136 ). "These considerations include both public and private interests, and the determination is practical and prudential rather than abstract or formulaic." Id. (citing In re Prudential Ins. Co. of Am. , 148 S.W.3d at 136 ). Therefore, an appellate remedy may be inadequate when the benefits to mandamus review outweigh the detriments. See In re McAllen Med. Ctr., Inc. , 275 S.W.3d 458, 462, 468-69 (Tex. 2008) (orig. proceeding); In re Team Rocket, L.P. , 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). "Mandamus will not issue when the law provides another, plain, adequate, and complete remedy." In re Tex. Dep't of Family & Protective Servs. , 210 S.W.3d 609, 613 (Tex. 2006).
III. ANALYSIS
A. The Trial Court's Denial of the Writ of Possession
In its first issue, High Pointe contends that the trial court abused its discretion by denying its writ of possession because section 24.007 of the Property Code does not allow for an appeal when the property in question is not being used for residential purposes only. We agree.
"Forcible-entry-and-detainer actions provide a speedy, summary, and inexpensive determination of the right to immediate possession of real property." Hong Kong Dev. Inc. v. Nguyen , 229 S.W.3d 415, 433 (Tex. App.-Houston [1st Dist.] 2007, no pet.). "It was created to provide a speedy, simple, and inexpensive means for resolving the question of the right to possession of premises." Rice v. Pinney , 51 S.W.3d 705, 709 (Tex. App.-Dallas 2001, no pet.). With that in mind, we interpret the rules governing forcible-entry-and-detainer actions consistent with this purpose.
The statute at issue in this proceeding is section 24.007 of the Property Code, which provides the following:
A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only. A judgment of a county court may not under any circumstances be stayed pending appeal unless, with 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. In setting the supersedeas bond the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate.
TEX. PROP. CODE ANN. § 24.007 (West Supp. 2016) (emphasis added).
In its possession order, the trial court expressly found that the property in question was wrongfully withheld from High Pointe by Margetis and that the property was not being used for residential purposes only. Therefore, based on the unambiguous language of section 24.007, the issue of possession is not appealable. See id.; see also Serrano v. Francis Props. I, Ltd. , 411 S.W.3d 661, 664-65 (Tex. App.-El Paso 2013, pet. denied) (noting that a final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only); Carlson's Hill Country Bev., L.C. v. Westinghouse Road Joint Venture , 957 S.W.2d 951, 952-53 (Tex. App.-Austin 1997, no pet.) (noting that section 24.007 of the Property Code precludes appellate review of the issue of possession of commercial premises and of *389 "any finding essential to the issue of possession"). And given that the basis of this forcible-entry-and-detainer suit is possession of commercial property, we conclude that the trial court abused its discretion by including language in its possession order granting Margetis the right to appeal this matter by posting a supersedeas bond. See TEX. PROP. CODE ANN. § 24.007 ; Serrano , 411 S.W.3d at 664-65 ; Carlson's Hill Country Bev., L.C. , 957 S.W.2d at 952-53 ; see also Walker , 827 S.W.2d at 839-40. We sustain High Pointe's first issue.
B. High Pointe's Mandamus Petition Against the Ellis County Clerk
In its second issue, High Pointe asserts that the Ellis County Clerk failed to perform a ministerial duty by denying issuance of the writ of possession to High Pointe. We do not have jurisdiction to issue a writ of mandamus against a county clerk except to protect our jurisdiction. See TEX. GOV'T CODE ANN. § 22.221(b) (West Supp. 2017); In re Bernard , 993 S.W.2d 453, 454 (Tex. App.-Houston [1st Dist.] 1999, orig. proceeding) (per curiam). High Pointe's petition does not allege facts that require us to protect our jurisdiction, so we do not have jurisdiction to decide his petition for writ of mandamus against the Ellis County Clerk. We dismiss the petition as to the Ellis County Clerk for want of jurisdiction.
C. Adequate Remedy by Appeal
As shown above, the trial court abused its discretion by allowing Margetis to post a supersedeas bond and appeal the issue of possession when such actions are prohibited by section 24.007 of the Property Code. See TEX. PROP. CODE ANN. § 24.007. We further conclude that High Pointe has no adequate remedy by appeal because the rules do not provide for a right to appeal an order staying execution of a writ of possession, which is what High Pointe sought in this case. See In re Invum Three, LLC , 530 S.W.3d 748, 749 (Tex. App.-Houston [14th Dist.] 2017, no pet.) ("Relator has no adequate remedy by appeal because the rules do not provide for a right to appeal an order staying the execution of a writ of possession.").
IV. CONCLUSION
Based on the foregoing, we conditionally grant High Pointe's petition for writ of mandamus and direct the trial court to remove the language from the possession order allowing Margetis to post a supersedeas bond to stay proceedings pending an appeal, as Margetis does not have the right to appeal the issue of possession of the commercial property. Moreover, the trial court shall reconsider the terms of High Pointe's writ of possession in light of this opinion. The writ will issue only if the trial court fails to comply within fourteen days after the date of this opinion.