

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00267-CV
_____

CHARLES DWAIN MUNSELL, MICHELE MUNSELL, AND HARLYN LANDHOLDINGS, LLC, APPELLANT

V.

BIAS WARD LANDHOLDINGS, LLC, ACTING BY AND THROUGH JESUS ("JESS") YAP, ITS MANAGER AND SOLE MEMBER, APPELLEE

On Appeal from the County Court at Law No. 2
Potter County, Texas
Trial Court No. 107,457-2-CV, Honorable David Gleason, Presiding

March 7, 2019

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Charles Dwain Munsell, Michele Munsell, and Harlyn Landholdings, LLC (collectively referred to as Munsell) appeal from a final judgment awarding possession of realty to Bias Ward Landholdings, LLC acting by and through Jesus ("Jess") Yap, its Manager and Sole Member (collectively referred to as Bias). We dismiss.

Bias initiated a forcible entry and detainer action to recover the possession of commercial realty leased to Munsell. The Justice Court awarded possession to Bias, as

did the County Court at Law No. 2 after Munsell appealed from the Justice Court. Munsell then appealed to this court contending that Bias failed to perform conditions precedent imposed by a "Residential Lease."

Two parcels of land apparently are involved. One is residential and the other commercial. Furthermore, the parties allegedly executed separate agreements pertaining to each parcel. Bias sought to regain possession of the commercial property via the forcible entry suit. Munsell attempted to prevent the transfer of immediate possession by raising what they labeled "affirmative defenses." In making this argument, however, Munsell does not assert that the parcel subject to the forcible entry suit was used for residential purposes. This is of import.

Section 24.007 of the Property Code states that "[a] final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for residential purposes only." TEX. PROP. CODE ANN. § 24.007 (West Supp. 2018). Applying this limitation means that, in non-residential cases, we lack authority to review decisions regarding both the right to possession and findings essential to the issue of possession. *Terra XXI, LTD. v. Ag Acceptance Corp.*, 280 S.W.3d 414, 416 (Tex. App.—Amarillo 2008, pet denied); *accord Serrano v. Francis Props. I, LTD,* 411 S.W.3d 661, 665 (Tex. App.—El Paso 2013, pet. denied) (holding that since the premises was for commercial purposes, the reviewing court lacked jurisdiction to review the county court's determination on the issue of possession or any findings that are essential to the issue of possession); *Carlson's Hill Country Beverage, L.C. v. Westinghouse Road Joint Venture,* 957 S.W.2d 951, 952-53 (Tex. App.—Austin 1997, no pet.) (the same). Because the dispute at bar involves commercial realty, we have no

2

jurisdiction to review the topic of Bias' right to immediate possession of the land or findings essential to possession. So, it falls upon us to interpret the nature of Munsell's appellate argument, and that nature is best described in their summary.

Munsell argues that the trial court erred in rejecting their "affirmative defenses, because the great weight and preponderance of the evidence and law demonstrated the Residential Lease, and Paragraph 35 Addendum to the Commercial Lease, were invalid under the merger clause doctrine; and, in the alternative, that [Bias] never satisfied a determinative condition precedent." In other words, they suggest that awarding possession of the land to Bias was dependent upon the trial court rejecting Munsell's "affirmative defenses." Had the trial court not rejected them, then immediate possession would have remained with Munsell. Because it rejected them, then immediate possession returned to Bias. In so reading the argument, we see that the alleged "affirmative defenses" and the trial court's purported decision to reject them are essential to the issue of possession. Being essential to the topic of possession, their consideration is beyond our jurisdiction per § 24.007 of the Property Code.

Munsell having appealed the issue of possession in a non-residential forcible entry and detainer action, we dismiss the appeal.

Brian Quinn
Chief Justice

3