**Opinion issued April 7, 2026**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-25-00350-CV**

———————————

**DOMINIQUE CUNNINGHAM, Appellant**

**V.**

**HARRIS COUNTY JUSTICE OF THE PEACE HONORABLE JUDGE STEVE DUBLE, Appellee**

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1240384**

---

**MEMORANDUM OPINION**

Appellant, Dominique Cunningham, proceeding pro se, challenges the trial court's order dismissing her suit against appellee, Harris County Justice of the Peace Honorable Judge Steve Duble, for lack of jurisdiction.

We dismiss the appeal.

On August 1, 2025, Cunningham filed her second amended appellant's brief with this Court.[1] On January 13, 2026, this Court notified Cunningham that her appellant's brief did not comply with the Texas Rules of Appellate Procedure because, among other things, it did not properly identify all parties and counsel; contain an appropriate table of contents; "state concisely the nature of the case," "the course of [the] proceedings," and "the trial court's disposition of the case," "supported by record references"; "state concisely all issues or points presented for review"; "state concisely and without argument the facts pertinent to the issues or points presented," "supported by record references"; "contain a succinct, clear, and accurate statement of the arguments made in the body of the brief"; and "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *See* TEX. R. APP. P. 38.1(a), (b), (d), (f), (g), (h), (i).

Thus, on January 13, 2026, the Court struck Cunningham's August 1, 2025 second amended appellant's brief and ordered her to file a corrected appellant's brief that complied with the Texas Rules of Appellate Procedure within thirty days of the date of the Court's order. The Court informed Cunningham that if she did not file a

---

[1] Appellant filed her original appellant's brief on July 18, 2025. Appellant filed a first amended appellant's brief on July 21, 2025, which replaced her original appellant's brief. *See, e.g.*, *Gardner v. Gardner*, No. 04-17-00414-CV, 2018 WL 521615, at *1 n.1 (Tex. App.—San Antonio Jan. 24, 2018, pet. denied) (mem. op.). Appellant's second amended appellant's brief, filed on August 1, 2025, replaced her first amended appellant's brief. *See id.*

corrected appellant's brief that complied with the Texas Rules of Appellate Procedure, it would strike her corrected brief, prohibit her from filing another, proceed as if she had failed to file an appellant's brief, and dismiss her appeal. *See* TEX. R. APP. P. 38.8(a)(1), 38.9(a), 42.3(b), 43.2(f); *see also Tucker v. Fort Worth & W. R.R. Co.*, No. 02-19-00221-CV, 2020 WL 3969586, at *1 (Tex. App.—Fort Worth June 18, 2020, pet. denied) (mem. op.) (striking amended brief and dismissing appeal for want of prosecution where appellant ordered to file amended brief but amended brief also failed to comply with Texas Rules of Appellate Procedure); *Tyurin v. Hirsch & Westheimer, P.C.*, No. 01-17-00014-CV, 2017 WL 4682191, at *1–2 (Tex. App.—Houston [1st Dist.] Oct. 19, 2017, no pet.) (mem. op.) (same). On March 16, 2026, Cunningham filed her corrected appellant's brief.[2]

"An appellate brief is meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case." *Schied v. Merritt*, No. 01-15-00466-CV, 2016 WL 3751619, at *2 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.) (internal quotations omitted). The Texas Rules of Appellate Procedure control the required contents and organization of an appellant's brief. *Id.*; *see* TEX. R. APP. P. 38.1. They contain "specific requirements for briefing that require, among other things, that an appellant provide a statement

---

[2] On February 10, 2026, the Court granted Cunningham's motion for extension of time to file her corrected appellant's brief and set March 16, 2026 as the deadline for Cunningham to file her corrected brief.

of facts, which includes references to the record, and an argument that is clear and concise with appropriate citations to authorities and the record." *Tyurin*, 2017 WL 4682191, at *1 (internal quotations omitted); *Lemons v. Garmond*, No. 01-15-00570-CV, 2016 WL 4701443, at *1 (Tex. App.—Houston [1st Dist.] Sept. 8, 2016, pet. denied) (mem. op.) (internal quotations omitted); *see also* TEX. R. APP. P. 38.1(i); *Irisson v. Lone Star Nat'l Bank*, No. 13-19-00239-CV, 2020 WL 6343336, at *3 (Tex. App.—Corpus Christi–Edinburg Oct. 29, 2020, no pet.) (mem. op.) ("When an appellant's brief fails to contain a clear and concise argument for the contentions made with appropriate citations to authorities, the appellate court is not responsible for doing the legal research that might support a party's contentions.").

The appellate briefing requirements are mandatory. *M&E Endeavors LLC v. Air Voice Wireless LLC*, Nos. 01-18-00852-CV, 01-19-00180-CV, 2020 WL 5047902, at *7 (Tex. App.—Houston [1st Dist.] Aug. 17, 2020, no pet.) (mem. op.). "Only when [the Court is] provided with proper briefing may [it] discharge [its] responsibility to review the appeal and make a decision that disposes of the appeal one way or the other." *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.); *see also Roberts for Roberts v. City of Texas City*, No. 01-21-00064-CV, 2021 WL 5702464, at *2 (Tex. App.—Houston [1st Dis.] Dec. 2, 2021, no pet.) (mem. op.) (appellate court may not "abandon[] its role as judge and assum[e] the role of advocate for a party").

In Texas, an individual who is a party to civil litigation has the right to represent herself at trial and on appeal. *See* TEX. R. CIV. P. 7; *Steele v. Humphreys*, No. 05-19-00988-CV, 2020 WL 6440499, at *2 (Tex. App.—Dallas Nov. 3, 2020, no pet.) (mem. op.); *Bolling*, 315 S.W.3d at 895; *see also Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex. 1983). The right of self-representation carries with it the responsibility to adhere to the rules of evidence and procedure, including the Texas Rules of Appellate Procedure, if a party chooses to represent herself at the appellate level. *Steele*, 2020 WL 6440499, at *2; *Bolling*, 315 S.W.3d at 895; *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184 (Tex. 1978) ("[N]o basis exists for differentiating between litigants represented by counsel and litigants not represented by counsel in determining whether the rules of procedure must be followed."); *Yeldell v. Denton Cent. Appraisal Dist.*, No. 2-07-313-CV, 2008 WL 4053014, at *2 (Tex. App.—Fort Worth Aug. 29, 2008, pet. denied) (mem. op.) ("On appeal, as at trial, the pro se appellant must properly present her case."). Thus, a pro se litigant is held to the same standard as a licensed attorney and must comply with the Texas Rules of Appellate Procedure. *See Garrett v. Lee*, No. 01-21-00498-CV, 2021 WL 5702177, at *2 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, pet. denied) (mem. op.); *Yeldell*, 2008 WL 4053014, at *2 ("[A]ll parties appearing in the appellate courts of Texas must conform to the Texas Rules of Appellate Procedure.").

An appellate court must examine an appellant's brief for compliance with the Texas Rules of Appellate Procedure. *Steele*, 2020 WL 6440499, at *2; *Lipscomb v. City of Dall. Police*, No. 05-16-01090-CV, 2017 WL 1149674, at *1 (Tex. App.—Dallas Mar. 27, 2017, no pet.) (mem. op.). If the court determines that the briefing rules have been flagrantly violated, it may require a brief to be amended, supplemented, or redrawn. *See* TEX. R. APP. P. 38.9(a); *Irisson*, 2020 WL 6343336, at *3; *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994). When an appellant is allowed an opportunity to file a corrected appellant's brief, she is given a reasonable amount of time to do so. *See Irisson*, 2020 WL 6343336, at *3. If the appellant files another appellant's brief that does not comply with the Texas Rules of Appellate Procedure, an appellate court may strike the brief, prohibit appellant from filing another, and proceed as if the appellant failed to file a brief. *See* TEX. R. APP. P. 38.9(a); *Tucker*, 2020 WL 3969586, at *1 (striking amended brief and dismissing appeal for want of prosecution where appellant ordered to file amended brief but amended brief still did not comply with Texas Rules of Appellate Procedure); *Tyurin*, 2017 WL 4682191, at *1–2 (same); *see also* TEX. R. APP. P. 38.8(a)(1) (where appellant has failed to file brief, appellate court may dismiss appeal for want of prosecution), 42.3(b), 43.2(f).

Although Cunningham was given an opportunity to file a corrected appellant's brief that complied with the Texas Rules of Appellate Procedure, she has

failed to do so. *See Garrett*, 2021 WL 5702177, at \*3 (appellant given opportunity to cure defects in his briefing, but he failed to do so); *Steele*, 2020 WL 6440499, at \*1–3 (same). On March 16, 2026, Cunningham filed a corrected appellant's brief, but it does not "state concisely the nature of the case," "the course of [the] proceedings," and "the trial court's disposition of the case," "supported by record references" and without a "discuss[ion] [of] the facts"; "state concisely all issues or points presented for review"; "state concisely and without argument the facts pertinent to the issues or points presented," "supported by record references"; "contain a succinct, clear, and accurate statement of the arguments made in the body of the brief"; "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"; or contain an appendix. *See* TEX. R. APP. P. 38.1(d), (f), (g), (h), (i), (k); *Porter v. Kennard Law PC*, No. 01-22-00153-CV, 2022 WL 11413164, at \*5–6 (Tex. App.—Houston [1st Dist.] Oct. 20, 2022, pet. denied) (mem. op.) (although appellant's corrected brief contained an "argument" section, striking brief because it was "rambling, disjointed, . . . difficult to follow" and did not "contain succinct, clear, and accurate arguments addressing how [appellant's] purported complaints ha[d] merit" (internal quotations omitted)); *Golden v. Milstead Towing & Storage*, Nos. 09-21-00043-CV to 09-21-00045-CV, 2022 WL 1412303, at \*2 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.) (appellant's brief did not comply with Texas Rule of Appellate

Procedure 38.1(i) where appellant's arguments were confusing); *Serrano v. Francis Props. I, Ltd.*, 411 S.W.3d 661, 667 (Tex. App.—El Paso 2013, pet. dism'd w.o.j.) (appellant's brief did not comply with Texas Rule of Appellate Procedure 38.1(i) where argument section was unclear and "sometimes non-sensical"); *see also Demby v. Goldman Sachs Bank USA*, No. 01-23-00556-CV, 2024 WL 924514, at *2–3 (Tex. App.—Houston [1st Dist.] Mar. 5, 2024, no pet.) (mem. op.) (striking appellant's corrected brief and dismissing appeal where appellant's corrected brief, among other things, failed to include appendix with necessary contents); *Ligon v. Casey*, No. 01-22-00247-CV, 2023 WL 4769533, at *12 n.5 (Tex. App.—Houston [1st Dist.] July 27, 2023, no pet.) (mem. op.) (to comply with Texas Rules of Appellate Procedure, appellant's brief must articulate issues appellant "is asking the appellate court to decide"; "[i]f the appellant does not, there is nothing for [the appellate court] to address").

Cunningham's March 16, 2026 corrected appellant's brief also does not comply with Texas Rule of Appellate Procedure 9.4. *See* TEX. R. APP. P. 9.4; *see also Pathan v. Barboza*, No. 01-23-00783-CV, 2024 WL 1774220, at *3 (Tex. App.—Houston [1st Dist.] Apr. 25, 2024, no pet.) (mem. op.); *Porter*, 2022 WL 11413164, at *5–6 (striking appellant's corrected brief and dismissing appeal where corrected brief, among other things, did not comply with Texas Rule of Appellate Procedure 9.4). This Court cannot remedy the deficiencies in Cunningham's

corrected appellant's brief for her. *See Porter*, 2022 WL 11413164, at \*5–6; *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied).

When, as here, an appellant files an appellant's brief that does not comply with the Texas Rules of Appellate Procedure and then files a corrected brief or amended brief that also does not comply, "the [appellate] court may strike the brief, prohibit the [appellant] from filing another, and proceed as if the [appellant] had failed to file a brief." TEX. R. APP. P. 38.9(a); *see also Garrett*, 2021 WL 5702177, at \*3; *Tyurin*, 2017 WL 4682191, at \*2. When an appellant fails to file an appellant's brief, the Court may dismiss her appeal for want of prosecution. TEX. R. APP. P. 38.8(a)(1); *Garrett*, 2021 WL 5702177, at \*3; *Tyurin*, 2017 WL 4682191, at \*2. Accordingly, we strike Cunningham's March 16, 2026 corrected appellant's brief, and we dismiss the appeal. *See* TEX. R. APP. P. 38.9(a), 42.3(b), 43.2(f); *Garrett*, 2021 WL 5702177, at \*3; *Tyurin*, 2017 WL 4682191, at \*2. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Guiney.