In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00422-CV


____________________



FLORENCE G. JONES, Appellant



V.



ELONA M. KELLY AND FORREST BRIDGES, JR., Appellees






On Appeal from the County Court at Law No. 1


Jefferson County, Texas


Trial Cause No. 111,596






 MEMORANDUM OPINION


 In this forcible detainer suit, Florence G. Jones appeals from an adverse judgment of
the justice court, which the county court at law affirmed on appeal in a trial de novo. We
affirm.

Background


 This is a dispute among family members about the right to possession of a family
home. Elona M. Kelly, (1) acting through an agent-her son, Forrest Bridges, Jr.-brought a
forcible detainer action against Jones. Jones is Kelly's daughter and Bridges's sister. The
family home in dispute is located on Flamingo Lane in Beaumont, Texas ("premises"). (2) 
Kelly and her first husband owned and lived in the Flamingo Lane home. After her
husband's death, Kelly remarried and moved to another residence. Jones and her family
occupied the premises after Kelly moved. A conflict, however, subsequently arose about
whether Jones agreed to pay rent for the premises and whether she owed Kelly unpaid rent.

 On July 21, 2008, the Justice Court of Precinct 6, Jefferson County, Texas rendered
a default judgment in favor of Kelly and determined that Jones was "guilty of forcible
detainer" of the premises. The court also found that Kelly was entitled to possession of the
premises, $10,000.00 for unpaid rent, and $77.00 for costs of court. Jones appealed to the
county court at law. Both Kelly and Jones proceeded pro se in the justice court and county
court. 

 On September 5, 2008, the County Court at Law No.1, Jefferson County, Texas, heard
Jones's appeal. The court denied Jones's appeal and affirmed the judgment rendered on July
21, 2008. On appeal, Jones raises three issues. 



Waiver


 In issue one, Jones contends that Kelly did not have the capacity to bring the action
against her. Jones, however, did not raise this complaint in the lower court and, thus, waived
it. See Tex. R. App. P. 33.1; Sixth RMA Partners, L.P. v. Sibley, 111 S.W.3d 46, 56 (Tex.
2003) ("An argument that an opposing party does not have the capacity to participate in a suit
can be waived by a party's failure to properly raise the issue in the trial court."). Because the
issue was not preserved, issue one is overruled. 

 In issue two, Jones contends that the premises is her homestead and cannot be taken
from her in a forcible detainer action. However, Jones did not raise this claim in the lower
court and may not do so for the first time on appeal. See Tex. R. App. P. 33.1; see generally
Fears v. Tex. Bank, 247 S.W.3d 729, 733 (Tex. App.-Texarkana 2008, pet. denied) (finding
that homestead defense not timely presented to the trial court in summary judgment
proceeding could not be considered on appeal). Issue two was also not preserved and is
overruled.

Action for Rent


 In issue three, Jones contends that Kelly could not bring an action for debt as an action
for rent in the forcible detainer suit. Jones maintains that she did not owe any rent to her
mother and that her mother actually is attempting, through the guise of a claim for unpaid
rent, to recover on other claims that Jones also disputes. 

 A forcible detainer action, which is a special proceeding governed by particular
statutes and rules, "was created to provide a speedy, simple, and inexpensive means for
resolving the question of the right to possession of premises." Rice v. Pinney, 51 S.W.3d
705, 709 (Tex. App.-Dallas 2001, no pet.); see Tex. Prop. Code Ann. §§ 24.001-24.011
(Vernon 2000 & Supp. 2008); Tex. R. Civ. P. 738-755. Generally, the "sole issue" in the suit
is "who has the right to immediate possession of the premises." Rice, 51 S.W.3d at 709; see
Tex. R. Civ. P. 746. "To prevail in a forcible detainer action, a plaintiff is not required to
prove title, but is only required to show sufficient evidence of ownership to demonstrate a
superior right to immediate possession." Rice, 51 S.W.3d at 709. The Texas Rules of Civil
Procedure, however, specifically allow a claim for rent to be brought with a forcible detainer
action. See Tex. R. Civ. P. 738; Carlson's Hill Country Beverage L.C. v. Westinghouse Road
Joint Venture, 957 S.W.2d 951, 954 (Tex. App.-Austin 1997, no pet.). 

 Therefore, we first consider whether the evidence shows that Jones owed rent to
Kelly. There was conflicting evidence at trial about this issue. Jones testified that her father
and mother built the house on Flamingo Lane. Jones further testified that when she had
marital problems, her mother "opened her doors up to me and my daughters." When Kelly
and her second husband purchased another home, Jones understood that she would be
allowed to occupy the premises as long as she wanted. Jones contended that she understood
she was to pay the mortgage, not the mortgage and rent, and contended that she had made
repairs to the house. However, Jones also acknowledged:

 [W]hen my mom and I first made an agreement, it was for $300 a month.
There is no date on this [document being offered as an exhibit], but my
signature is here and my husband's signature is here, and this is the original
copy from way back then. At the time that - at the time that this agreement
was made, we both agreed to $300 a month. But this was before my mom took
out a second mortgage on the house. The reason my mom took out a second
mortgage on the house is because we were behind in the taxes. . . .


 Both Bridges and Kelly testified about the past-due rent. Bridges stated that Jones had
agreed to pay rent but had failed to do so and that his mother, after making demands for the
past-due amounts, was evicting Jones for her failure to pay. Kelly also testified that despite
her demands, Jones had not paid the rent.

 At the conclusion of testimony, the county court at law denied Jones's appeal and
affirmed the judgment of the justice court. The court stated that " the simple fact is, the issue
before this Court is who is entitled to possession and what rent is owed. There is a contract
for rent stating that $300 a month would be paid. The evidence establishes that there has not
been any rent paid. The evidence establishes that Ms. Kelley has superior title."

 Based on the record before us, we conclude the evidence is legally and factually
sufficient to establish Kelly's claim that Jones owed rent. The trial court was entitled to
resolve any discrepancies in the testimony, and based on Jones's own testimony and the
testimony of Kelly and Bridges, the court found that Jones agreed to pay rent. Based on the
testimony of Kelly and Bridges, the trial court could also reasonably have concluded that the
evidence established the rent had not been paid. 

 As to legal sufficiency, having reviewed the record, we conclude that the record
contains evidence to support the verdict, and we further conclude that reasonable and fair-minded people could have reached the verdict in favor of Kelly. See City of Keller v. Wilson,
168 S.W.3d 802, 827 (Tex. 2005); Royce Homes, L.P. v. Humphrey, 244 S.W.3d 570, 574
(Tex. App.-Beaumont 2008, pet. denied). As to factual sufficiency, while the evidence
presented by the parties conflicted, it is the factfinder's role to resolve any conflicts in the
evidence. Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 761 (Tex. 2003). We
find that the evidence supporting the verdict is not so weak that the verdict is clearly wrong
and unjust. See Humphrey, 244 S.W.3d at 575 (citing Cain v. Bain, 709 S.W.2d 175, 176
(Tex.1986)). We overrule issue three. Having overruled all of Jones's issues, we affirm the
judgment of the county court at law.

 AFFIRMED.

 ____________________________

 HOLLIS HORTON

 Justice



Submitted on August 6, 2009

Opinion Delivered August 27, 2009

Before Gaultney, Kreger, and Horton, JJ.
1. Elona M. Kelly's last name also appears in the record as "Kelley."
2. The record is confusing about Bridges's role in this suit. Both Kelly's original
complaint and the justice court's judgment show that Kelly was the plaintiff and Bridges was
her agent. In Jones's appeal to the county court at law, she stated that Kelly was the plaintiff
and could be served through Bridges. After hearing the evidence, the county court at law
orally pronounced that Kelly was entitled to possession and that "the judgment of the lower
court remains." The style of the written judgment signed by the county court at law,
however, shows Kelly and Bridges, individually, as plaintiffs. Jones's notice of appeal
names Kelly and Bridges, individually, as plaintiffs. However, there is no indication in the
record that Bridges obtained judgment against Jones.