

# MEMORANDUM OPINION

No. 04-09-00659-CV

Cynthia T. **CAVAZOS**,
Appellant

v.

**SAN ANTONIO HOUSING AUTHORITY**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 352525
Honorable David J. Rodriguez, Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:   July 14, 2010

AFFIRMED IN PART; VACATED IN PART

Cynthia T. Cavazos appeals the county court's judgment in a forcible detainer action granting San Antonio Housing Authority ("SAHA") possession of a unit in the Lincoln Heights Courts located at 433 Micklejohn, San Antonio, Texas, and finding that SAHA was entitled to $275.00 for unpaid rent. We affirm in part and vacate in part.

**BACKGROUND**

On April 15, 2008, Cavazos entered into a lease agreement for the unit at issue with SAHA, a non-profit public facility corporation. On July 9, 2009, SAHA notified Cavazos in writing that it was terminating her lease for failure to pay rent and that she must vacate the unit by July 24, 2009. When Cavazos did not vacate the premises, SAHA instituted this forcible detainer action in the justice court. On August 31, 2009, the justice court found that Cavazos had failed to pay rent and ordered a writ of possession to issue if Cavazos failed to vacate the premises by September 7, 2009. Cavazos appealed the judgment of the justice court to the county court at law and filed a pauper's affidavit. Cavazos, however, did not pay the monthly rental amount due into the registry of the court as required by Texas Rule of Civil Procedure 749b. Thus, SAHA filed a motion for default pursuant to Rule 749b, which was heard by the county court on October 15, 2009. At that hearing, Cavazos admitted to not paying rent as required by her lease. Thus, the county court signed a judgment finding that Cavazos had forcibly detained the premises and ordering her to pay $275.00 for unpaid rent, plus costs of court and post-judgment interest. The county court also set an appeal bond in the amount of $550.00.

In a separate order, the trial court found that Cavazos failed to pay into the registry of the court one month's rent within five days of September 14, 2009, and also failed to pay into the registry of the court subsequent rents within five days of the due date. Thus, the county court found that Cavazos failed to abide by the terms of Rule 749b and/or section 24.0053(b) of the Texas Property Code. Therefore, the trial court ordered a writ of possession to be issued immediately for the premises in favor of SAHA.

Cavazos then filed a pro se notice of appeal; she did not post a supersedeas bond.

**DISCUSSION**

In Texas, the procedure to determine the right of possession of real property, if there was no unlawful entry, is the action of forcible detainer. TEX. PROP. CODE ANN. § 24.002 (Vernon 2000). A forcible detainer action is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *Marshall v. Hous. Auth.*, 198 S.W.3d 782, 787 (Tex. 2006); *see* TEX. PROP. CODE ANN. §§ 24.001-24.011 (Vernon 2000 & Supp. 2009). Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession. *Marshall*, 198 S.W.3d at 787; *see* TEX. PROP. CODE ANN. § 24.008 (Vernon 2000) (providing that a suit for forcible detainer "does not bar a suit for trespass, damages, waste, rent, or mesne profit").

In its brief, SAHA argues that this appeal is moot. According to SAHA, because Cavazos did not post an appeal bond, a writ of possession was executed on the premises, which resulted in Cavazos being evicted from the premises. We agree that the issue of possession is moot.

Pursuant to section 24.007 of the Texas Property Code, a judgment of possession in a forcible detainer action may not be stayed pending appeal unless the appellant timely files a supersedeas bond in the amount set by the trial court. TEX. PROP. CODE ANN. § 24.007 (Vernon 2000). Thus, if a proper supersedeas bond is not filed, the judgment of possession may be enforced, including issuance of a writ of possession evicting the tenant from the premises. *Marshall*, 198 S.W.3d at 786. However, an appellant's failure to supersede the judgment of possession does not divest the appellant of her right to appeal. *Id.* at 786-87. But, it may cause her appeal to be moot. *See id.* at 787.

We are prohibited from deciding moot controversies. *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). A justiciable controversy between the parties must exist at

every stage of the legal proceedings, including the appeal, or the case is moot. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). The Texas Supreme Court has held that even if an appellant gives up possession of the premises after the trial court signs a judgment of possession, the appeal may not be moot so long as (1) the appellant timely and clearly expresses her intent to appeal and (2) the appellate relief requested is "not futile; that is, so long as she held and asserted a potentially meritorious claim of right to current, actual possession of the [premises]." *Marshall*, 198 S.W.3d at 787.

Here, SAHA admits in its brief that Cavazos timely expressed her intent to appeal. Thus, the only issue is whether Cavazos asserts a potentially meritorious claim of right to current, actual possession of the premises. Cavazos's brief, however, does not present any basis for claiming a right to current, actual possession of the premises. Thus, the issue of possession is moot. *See id.* And, because the issue of possession is moot, we must vacate the trial court's judgment of possession. *See id.* at 785 ("We conclude that Marshall's case is moot and that the court of appeals erred in dismissing only the appeal and leaving the trial court's judgment in place.").

Although the issue of possession is moot, issues independent of possession are still reviewable on appeal. *Rice v. Pinney*, 51 S.W.3d 705, 707 (Tex. App.—Dallas 2001, no pet.); *De La Garza v. Riverstone Apartments*, No. 04-06-00732-CV, 2007 WL 3270769, at *2 (Tex. App.—San Antonio 2007, no pet.). Here, Cavazos brings an issue in her brief relating to the unpaid rent she was ordered to pay in the trial court's judgment. Generally, the sole issue in a forcible detainer action is "who has the right to *immediate* possession of the premises." *Rice*, 51 S.W.3d at 709 (emphasis in original); *see* TEX. R. CIV. P. 746 ("In case of forcible entry or of forcible detainer under Sections 24.001-24.008, Texas Property Code, the only issue shall be as

to the right to actual possession; and the merits of title shall not be adjudicated."). However, the Texas Rules of Civil Procedure specifically allow a claim for rent to be brought with a forcible detainer action. *See* TEX. R. CIV. P. 738; *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 434 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Carlson's Hill Country Beverage L.C. v. Westinghouse Road Joint Venture*, 957 S.W.2d 951, 954 (Tex. App.—Austin 1997, no pet.). In its forcible detainer action, SAHA made such a claim for unpaid rent, and the trial court's judgment ordered Cavazos to pay $275.00 for unpaid rent. Therefore, this appeal is not moot with respect to any issue relating to unpaid rent.

Cavazos argues in her brief that the amount of rent she has been ordered to pay is not correct and claims SAHA's accounting is incorrect. We construe her argument as a factual sufficiency issue. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003) (factual sufficiency standard of review). At trial, Jose Morales, an employee of Lincoln Heights Courts, testified that Cavazos's lease required her to pay $50 per month in rent. However, the last time Cavazos paid rent was on May 29, 2009. According to Morales, Cavazos did not pay rent in June, July, August, September, or October 2009. At trial, Cavazos admitted that she was required to pay $50 per month in rent according to her lease. She also admitted to not having paid rent for the months of June, July, August and October 2009, and to having made only a partial payment for May 2009. Admitted in evidence was a tenant ledger showing all activity on Cavazos's account. The ledger reflects that Cavazos paid $25 for May 2009 and had not made any payments since. We, therefore, hold that the evidence is factually sufficient to support the trial court's judgment for unpaid rent. *See id.*

Cavazos also argues in her brief that the trial court should have appointed counsel to represent her. A court may appoint counsel for an indigent person in any case. TEX. GOV'T CODE

ANN. § 24.016 (Vernon 2004). However, except in limited circumstances not applicable here, the indigent pro se has no right to an attorney and the decision to appoint one is entrusted to the trial court's discretion. *See Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003). The test is whether the situation is an "exceptional [case in which] public and private interests at stake are such that the administration of justice may best be served by appointing a lawyer to represent an indigent civil litigant." *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996). In applying this standard, the Texas Supreme Court emphasized that what is "exceptional" is "by definition rare and unusual–something not easily identified by a general rule." *Gibson*, 102 S.W.3d at 713. The court explained that "[o]nly by evaluating the unique circumstances of a given civil case could a court ever determine that it has no reasonable alternative but to appoint counsel." *Id.* "In short, it is easier to determine what is not exceptional than to pronounce a general proposition on what would be exceptional." *Id.* Forcible detainer cases are common. *See id.* (holding that because inmate suits against prison personnel, rather than rare and unusual, are common, the "mere fact that an indigent inmate brings a cause of action against an employee of the prison in which the inmate is incarcerated does not constitute exceptional circumstances such that it warrants appointed counsel"). And, Cavazos does not explain in her brief what would make her case in particular exceptional. Therefore, the trial court did not abuse its discretion in not appointing counsel to represent Cavazos.

## CONCLUSION

We vacate the judgment in part and affirm in part. Because the issue of possession is moot, we vacate the trial court's judgment of possession. We affirm the judgment with respect to unpaid rent in the amount of $275.00, costs of court, and post-judgment interest.

Karen Angelini, Justice