# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00674-CV

**Gloria Allen-Mercer, Appellant**

**v.**

**Roscoe Properties, as managing agent for Connection Apartments, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-15-004964, HONORABLE ERIC SHEPPARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Gloria Allen-Mercer appeals from the trial court's judgment in a forcible-detainer suit awarding possession of certain residential real property, along with specified damages, to Connection Apartments. *See* Tex. Prop. Code §§ 24.001-.011. Because Allen-Mercer no longer occupies the property, we dismiss as moot her issues on appeal related to the trial court's award of possession. In her remaining issues on appeal, Allen-Mercer challenges the trial court's award of damages, which still presents a live controversy. With respect to the trial court's award of damages, we reverse those portions of the judgment awarding a $425 re-letting charge, $900 in late charges, and $192.31 in utility charges; render judgment that Connection take nothing on its claims for the re-letting charge and late charges; remand Connection's claim for utility charges; and affirm the remainder of the trial court's judgment.

## BACKGROUND

On January 3, 2015, Mercer executed a Student Housing Lease Contract with Connection, under which Mercer agreed to pay rent in the amount of $500 per month plus a pro-rated portion of certain utilities.[1] Under the Lease, rent was due on the first of the month, with "no grace period," and was to be paid "at the onsite manager's office, through [Connection's] online payment system, [or] at www.connectionaustin.com." In addition, the Lease provided that the failure to pay all of the rent on or before the third day of the month would subject Allen-Mercer to an initial late fee of $75, plus a daily late charge of $10 per day after that date, until the amount was paid in full, not to exceed 15 days. Finally, the Lease stated that the failure to timely pay rent or other amounts owed constitutes an act of default which, upon notice, could result in an eviction.

On April 8, 2015, Roscoe Properties, as managing agent for Connection, filed a forcible detainer action in the justice court claiming that it did not receive Allen-Mercer's April rent. *See* Tex. Gov't Code § 27.031 (justice court has original jurisdiction of cases of forcible entry and detainer). On June 2, the justice court rendered judgment in favor of Connection, awarding it possession of the property, unpaid rent, and $3,000 in attorney's fees. *See* Tex. Prop. Code §§ 24.006, .0061. Allen-Mercer appealed the justice court judgment to the county court at law. *See* Tex. R. Civ. P. 510.10.

On July 28, 2015, following a de novo bench trial, the county court signed a final judgment awarding Connection possession of the property; unpaid rent for April, May, and July,

---

[1] The parties are familiar with the background of this case, its procedural history, and the evidence adduced at trial. Accordingly, we will not recite them here, except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1.

totaling $1,500; late charges for April, May and July, totaling $900; unpaid utility charges for April, May, and July, totaling $192.13; a re-letting charge, as provided under the Lease, in the amount of $425; and attorney's fees. A writ of possession was issued, and on August 6, 2015, the writ was executed by a deputy with the Travis County Constable's Office.

In seven issues, Allen-Mercer appeals the county court's judgment, challenging both the court's award of possession and its award of damages.

## DISCUSSION

### *Possession and Mootness*

Although not raised by the parties, because it implicates our jurisdiction, we first consider the effect of the execution of the writ of possession on the issue of possession in this appeal.

The forcible-detainer action was created by the legislature as a speedy, simple, and inexpensive procedure for obtaining immediate possession of property when there is no unlawful entry. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.); *see* Tex. Prop. Code § 24.002. A forcible-detainer action may be brought when a person in possession of real property refuses to surrender possession on demand if the person (1) is a tenant willfully and without force holding over after the termination of the tenant's right of possession, (2) is a tenant at will or by sufferance, or (3) is a tenant of someone who acquired possession by forcible entry. Tex. Prop. Code § 24.002(a). The only issue in an action for forcible detainer is the right to actual possession of the property. *Marshall v. Housing Auth. of San Antonio*, 198 S.W.3d 782, 787-88 (Tex. 2006).

3

A case becomes moot if, during any stage of the proceedings, a controversy ceases to exist between the parties. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). In a forcible-detainer case, the issue of possession becomes moot when the appellant ceases to have actual possession of the property, unless the appellant asserts a potentially meritorious claim of right to current, actual possession of the premises. *Marshall*, 198 S.W.3d at 786-87. However, the entire case only becomes moot if a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome. *Dafarty v. Prestonwood Mkt. Square, Ltd.*, 399 S.W.3d 708, 711 (Tex. App.—Dallas 2013, pet. denied).

The record before us establishes that the county court determined that Connection was entitled to immediate possession of the property and that Allen-Mercer was subsequently removed from the property by execution of a writ of possession. In addition, the Lease expired by its own terms on July 31, 2016, and Allen-Mercer makes no argument that, even if meritorious, could form the basis of a claim to possession after this date. *See Marshall*, 198 S.W.3d at 787 (explaining that lease had expired and appellant presented "no basis for claiming a right to possession after that date"). Because there is no dispute that Allen-Mercer no longer has actual possession of the property and she cannot demonstrate a potentially meritorious claim of right to current, actual possession of the property, this appeal has become moot to the extent Allen-Mercer challenges the trial court's award of possession in favor of Connection. *See Dafarty*, 399 S.W.3d at 711 (concluding that while issue of possession became moot, "the entire case was not moot because [plaintiff's] claims for damages and attorney's fees continued to present live controversies").

4

Accordingly, we dismiss as moot issues two, three, and four—all of which directly challenge the trial court's determination on the right to possession of the property.[2] However, because a live controversy potentially still exists with respect to Allen-Mercer's challenge to the trial court's award of damages and attorney's fees, we will proceed to address these issues.

### Standing

In four remaining issues, Allen-Mercer challenges the trial court's award of unpaid rent, late charges, utility charges, a re-letting charge, and attorney's fees. In her first issue, Allen-Mercer asserts that the "[a]ppellee lacks standing therefore the trial court lacked jurisdiction" to consider the forcible-detainer action and, consequently, to award any damages at all. Because standing is a component of subject-matter jurisdiction, we will address this issue first. *See Halliburton Co. v. KBR, Inc.*, 446 S.W.3d 551, 557 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

"A plaintiff establishes standing to maintain a breach-of-contract action by demonstrating that it has an enforceable interest as party to the contract, as an assignee of a party, or as a third party beneficiary." *Republic Petroleum LLC v. Dynamic Offshore Res. NS LLC*, 474 S.W.3d 424, 430 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). Here, Allen-Mercer asserts for the first time on appeal that "Connection, who is the only party with standing to sue for breach of the Lease, is not a party to the lawsuit." According to Allen-Mercer, Roscoe Properties

---

[2] In issues two, three, and four, Allen-Mercer asserts that (1) "[t]he trial court erred in awarding possession of the Premises to the Appellee because Ms. Allen-Mercer was not properly served with a notice to vacate"; (2) "[t]he trial court erred in awarding possession of the Premises to the Appellee because of landlord's prior material breach of the Lease"; and (3) "[t]he trial court erred in awarding possession of the Premises to the Appellee because the landlord was retaliating against Ms. Allen-Mercer."

lacks standing to bring suit under the Lease and, consequently, the trial court lacked jurisdiction to hear the suit filed by Roscoe Properties.

Contrary to Allen-Mercer's assertion, the live pleadings before the county court reveal that the underlying suit for forcible detainer was brought against Allen-Mercer by "Roscoe Properties, as managing agent for Connection Apartments." In addition, the pleadings make clear that Roscoe Properties brought the suit to enforce Connection's rights under the Lease, not its own, and that the claims and causes of action asserted are those of Connection. Finally, upon the conclusion of the county court proceedings, the court signed a final judgment in favor of Connection, finding that Allen-Mercer had committed forcible detainer and awarding damages to Connection directly, not to Roscoe Properties. Thus, we conclude that the record affirmatively shows that Connection was, in fact, a party to the underlying litigation, albeit through its purported agent, Roscoe Properties. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012) (when jurisdiction raised for first time on appeal, appellate court must construe pleadings in favor of party asserting jurisdiction).

Further, to the extent we construe Allen-Mercer's complaint as a challenge to Roscoe Properties's legal authority to sue on behalf of Connection, we conclude that this challenge also is without merit. The issue of whether Roscoe Properties has the legal authority to act is an issue that concerns the capacity of Roscoe Properties. *See Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996) ("A plaintiff has standing when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy."); *Highland Credit Opportunities*

*CDP, L.P. v. UBS AG*, 451 S.W.3d 508, 516 (Tex. App.—Dallas 2014, no pet.) (explaining that "[a] plaintiff with no legally cognizable interest in the outcome of the case lacks standing to sue on its own behalf, but may be authorized to sue on behalf of another"). Unlike standing, a challenge to capacity is procedural, not jurisdictional, and is subject to Rule 93's verified pleading requirements. *See Highland Credit Opportunities CDP*, 451 S.W.3d at 516. Nothing in the record suggests that Allen-Mercer challenged Roscoe Properties's capacity by verified pleadings or that she otherwise brought the matter to the attention of the trial court. *See* Tex. R. Civ. P. 93. Thus, to the extent Allen-Mercer now challenges Roscoe Properties's capacity to bring suit against her, we conclude that she has failed to preserve error on this issue. *See* Tex. R. App. P. 33.1(a). Consequently, Allen-Mercer's first issue on appeal is overruled.

### Damages

Having determined that the county court had jurisdiction to consider this forcible-detainer suit, we turn next to Allen-Mercer's complaints concerning the county court's award of damages and attorney's fees. In her fifth and sixth issues on appeal, Allen-Mercer complains that the county court erred in awarding unpaid rent, late charges, utility charges, and a re-letting charge. Specifically, Allen-Mercer argues that the sole issues in an eviction case are possession and unpaid rent and that, as a result, the court erred to the extent it awarded any damages other than rent.

A landlord may seek unpaid rent in a forcible detainer case filed in justice court, provided that the claim for unpaid rent is for an amount within the jurisdiction of the justice court. *See* Tex. R. Civ. P. 510.3(d). When, as in this case, an appeal of the judgment of the justice court is filed in the county court, the prevailing party may recover damages, if any, "suffered for

7

withholding or defending possession of the premises during the pendency of the appeal." Tex. R. Civ. P. 510.11. In other words, the prevailing party in county court may recover certain damages—those suffered as a result of maintaining or obtaining possession—incurred during the time period from which the justice court renders judgment to the time the county court renders judgment. Damages may include but are not limited to loss of rentals during the pendency of the appeal and attorney's fees in the justice and county courts. *Id.* Claims for any other damages arising out of the landlord-tenant relationship are not recoverable in a forcible detainer action, but may be brought in a separate proceeding. *Krull v. Somoza*, 879 S.W.2d 320, 322 (Tex. App.—Houston [14th Dist.] 1994, writ denied); *see* Tex. Prop. Code § 24.008 ("An eviction suit does not bar a suit for trespass, waste, rent, or mesne profits.").

At trial, Connection presented evidence that Allen-Mercer was in possession of the property during April, May, and July 2015, but had not paid rent or any portion of the utilities during these months.[3] There can be no dispute that the county court's award for unpaid rent was proper. *See Carlson's Hill Country Beverage, L.C. v. Westinghouse Rd. Joint Venture*, 957 S.W.2d 951, 954 (Tex. App.—Austin 1997, no pet.) (concluding that landlord was entitled to both unpaid rent accruing before judgment in justice court and to loss of rentals during pendency of appeal in county court); *see also* Tex. R. Civ. P. 510.10 (claim for loss of rentals during pendency of appeal in county

---

[3] According to Allen-Mercer, the county court erred in awarding rent to Connection because she had attempted to pay Connection rent for April and May, but Connection rejected her payments. In response, Connection asserts that it rejected her tender of rent for these months because it was late and because it failed to include the late fees that had accrued at the time of tender. In any event, there is no dispute that, at the time of trial, rent and utilities were still owed to Connection for April, May, and July. Connection conceded at trial that it had received Allen-Mercer's payment of rent and utilities for the month of June.

court); Tex. R. Civ. P. 510.3 (claim for unpaid rent in justice court). In addition, we conclude that under the terms of the Lease, utility charges are within the nature of rent and, likewise, relate to Connection's "withholding or defending possession." *See Carlson's Hill Country Beverage*, 957 S.W.2d at 955 (concluding that under terms of lease at issue, property tax was within the nature of rent and related to maintaining possession of premises). However, the county court's award of "total unpaid utility charges" for the months of April, May, and July includes fees that accrued prior to the "pendency of the appeal" in county court. *See* Tex. R. Civ. P. 510.10 (damages limited to those "suffered . . . during the pendency of the appeal"). That is, the county court could only have properly awarded to Connection any unpaid utility charges that were incurred after the justice court rendered judgment on June 2, 2015. Because there is no evidence in the record demonstrating what portion of the total utility charges awarded were incurred after this date, we conclude that the trial court's award of utility charges is improper. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 314 (Tex. 2006) (noting that unsegregated damages award requires remand).

Further, we agree with Allen-Mercer's assertion that the trial court's awards of a $425 re-letting charge and of $900 in late charges were wholly improper. The Lease describes the re-letting charge as a "liquidated amount covering only part of our damages—for our time, effort, and expense in finding and processing a replacement resident." We conclude that the re-letting charge, as described in the Lease, relates to Connection's securing of a new tenant for the property and does not directly relate to Connection's "withholding or defending possession of the premises during the pendency of the appeal." *See Whitmire v. Greenridge Place Apts.*, No. 14-09-01002-CV, 2011 WL 1413412, at *5 (Tex. App.—Houston [14th Dist.] Apr. 14, 2011, no pet.) (mem. op.)

(explaining that re-letting fee was not recoverable in forcible-detainer action); *see also Serrano v. Ramos*, No. 13-13-00476-CV, 2015 WL 3826794, at *4 (Tex. App.—Corpus Christi June 18, 2005, no pet.) (mem. op.) (expenses and losses related to tenant's repossession of the premises were not recoverable in forcible-detainer action). Similarly, the Lease provides that late charges will begin to accrue in the event of late payment of rent by a tenant. However, we conclude that unpaid late charges do not represent a "loss of rentals" and do not directly relate to Connection's "withholding or defending possession of the premises." *See* Tex. R. Civ. P. 510.11. Therefore, while Connection may pursue recovery of the late charges and the re-letting charge in a separate suit, the trial court did not have jurisdiction to award these charges in this forcible-detainer action. *See* Tex. Prop. Code § 24.008. Accordingly, we overrule Allen-Mercer's fifth and sixth issues on appeal, except to the extent the trial court awarded a re-letting charge, late charges, and utility charges accruing prior to June 2, 2015.

**Attorney's Fees**

Finally, we turn to the county court's award of attorney's fees. Recovery of attorney's fees by a prevailing landlord in a forcible-detainer action is authorized by section 24.006 of the Texas Property Code, by section 510.11 of the Texas Rules of Civil Procedure, and in this case, by paragraph 32.5 of the Lease. *See* Tex. Prop. Code § 24.006; Tex. R. Civ. P. 510.11. On appeal, Allen-Mercer does not assert that the amount of the trial court's award of fees is not supported by sufficient evidence demonstrating that the fees were necessary and reasonable. Instead, in her seventh issue, Allen-Mercer simply claims that "the evidence shows conclusively that [Connection] was not entitled to any affirmative relief and therefore was not entitled to attorney's fees." In effect,

10

Allen-Mercer asserts that the county court's award of attorney's fees should be reversed because the trial court erred in concluding that Connection was entitled to possession of the property and thus was the "prevailing party." Without directly considering the issue of possession, which we have decided has become moot, we will examine Allen-Mercer's issues concerning the award of possession in the context of deciding whether the evidence is sufficient to support the trial court's implied finding that Connection was the "prevailing party" in the forcible-detainer action.[4] *Brown v. Apex Realty*, 349 S.W.3d 162, 164 (Tex. App.—Dallas 2011, pet. dism'd) (explaining that issues on appeal of forcible-detainer case were not moot to extent they "[bore] on the damage award"); *see Hands of Healing Residential Treatment Ctr., Inc. v. Havenar,* No. 01-13-01064, 2015 WL 4760211, at *3 (Tex. App.—Houston [1st Dist.] Aug. 13, 2015, no pet.) (mem. op.) (although appeal became moot as to award of possession, whether landlord was "the prevailing party" for purposes of recovering attorney's fees in forcible-detainer action remained live controversy).

In this limited context, we first consider Allen-Mercer's assertion that Connection failed to sufficiently prove that it provided her with pre-suit notice as required by section 24.005 of the Texas Property Code. *See* Tex. Prop. Code § 24.005 (notice to vacate prior to filing eviction

---

[4] When, as in this case, a trial court following a bench trial does not issue findings of fact or conclusions of law, we imply all relevant facts necessary to support the judgment that are supported by the evidence. *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013). On appeal, these implied findings may be challenged for legal and factual sufficiency. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). We interpret Allen-Mercer's challenge to the trial court's award of attorney's fees as a legal sufficiency challenge to the trial court's implied findings supporting the award. When a party challenges legal sufficiency relative to an adverse finding on which it did not bear the burden of proof, it must show that there is no evidence to support the adverse finding. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005). If there is more than a scintilla of evidence to support the challenged finding, we must uphold it. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).

11

suit). To establish a forcible-detainer action against an occupant under a written lease or oral lease, a landlord must prove that it gave the tenant at least three days' notice to vacate the premises before the landlord filed a forcible-detainer suit. *Id*. § 24.005(a). The notice to vacate may be by personal delivery to the premises and "affixing the notice to the inside of the main entry door." *Id*. § 24.005(f) (specifying ways in which notice to vacate may be given). Here, Allen-Mercer contends that because she leased "9103c," a separate bedroom inside of apartment 9103, and because there was no evidence that a notice to vacate was affixed to the inside of her bedroom door, Connection failed to present legally sufficient evidence demonstrating that it provided notice in compliance with the Property Code.

At trial, Kim Munoz, a leasing agent at Connection, testified that she delivered a notice to vacate to Allen-Mercer by taping it to the inside of the front door to apartment 9103. Munoz explained that apartment 9103 consists of a group of rooms with a shared kitchen and bathrooms and that each individual tenant has her own bedroom. Similarly, the Lease explains that Allen-Mercer would "share use and occupancy of the apartment's common living areas with other persons who lease from us and share the common living areas of your apartment." *See id*. § 24.0061 (defining "premises" as "the unit that is occupied or rented and any outside area or facility that the tenant is entitled to use under a written lease"). On this record, the trial court, as the finder of fact, could have reasonably concluded that the leased premises included the shared areas and that, consequently, the main door to the apartment's shared areas constituted the "main entry door." *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005) (when addressing legal sufficiency challenge, courts view evidence in light most favorable to challenged finding, crediting favorable

12

evidence if reasonable fact-finder could and disregarding contrary evidence unless reasonable fact-finder could not).

Next, we examine Allen-Mercer's argument that the evidence is insufficient to support the trial court's implied finding that she was in default under the Lease. The parties' Lease, introduced at trial, provided that if Allen-Mercer defaulted under the Lease, Connection could terminate Allen-Mercer's right of occupancy. The Lease also provided that the failure to timely pay rent constituted a default for which Allen-Mercer could be evicted. At trial, Connection presented evidence that Allen-Mercer failed to deliver her April 2015 and May 2015 rent in the manner authorized by the Lease and within the time frame required by the Lease. Further, Connection presented evidence that the notice to vacate and the forcible-detainer suit that followed were solely a consequence of this default.

On appeal, Allen-Mercer does not dispute that she failed to strictly comply with the Lease's requirements concerning the payment of rent. Instead, Allen-Mercer contends that her breach was excused by Connection's wrongful imposition of a fine, *see Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 198 (Tex. 2004) ("[A] party is released from further obligation under the contract only if the other party materially breached."), and that, in reality, Connection was retaliating against her for exercising "her rights under the law and the lease by making legitimate complaints regarding the noise of her neighbors," *see* Tex. Prop. Code § 92.335 (retaliation under section 92.331 of Texas Property Code is defense to eviction suit). Based on the record before us, we conclude that a reasonable fact-finder could credit the evidence supporting a finding that Allen-

Mercer failed to pay rent as required by the Lease.[5] *See City of Keller*, 168 S.W.3d at 827. In addition, a reasonable fact-finder could determine (1) that Connection's imposition of a $100 fine did not constitute a material breach that excused Allen-Mercer's obligation to pay rent, and (2) that Connection sought to evict Allen-Mercer for nonpayment of rent and not because "she made complaints they didn't like or she was a person they didn't like." *See* Tex. Prop. Code § 92.332(b) (eviction or lease termination based on delinquent rent does not constitute retaliation). Accordingly, we hold that the evidence is sufficient to support the county court's award of attorney's fees to Connection as a prevailing party. We overrule Allen-Mercer's seventh issue on appeal.

## CONCLUSION

We reverse those portions of the judgment of the county court awarding late charges, utility charges, and a re-letting charge. We render judgment that the $425 re-letting charge and $900 in late charges may not be awarded under Rule 510.11. We remand Connection's claim for utility charges for further proceedings consistent with this opinion. Without addressing those issues that have become moot and having overruled the remainder of Allen-Mercer's issues, we affirm the remainder of the trial court's judgment.

---

[5] At trial, Allen-Mercer testified that prior to her eviction Connection had attempted to fine her $100 for "disrupting business operations." The fine stemmed from an incident in the leasing office on March 30, 2015, where Allen-Mercer allegedly was talking loudly on her phone in front of prospective tenants. Allen-Mercer also testified that she had previously lodged complaints with Roscoe Properties about the conditions of her apartment and had filed a housing discrimination complaint with HUD. Although Connection did not seek payment of the fine in the eviction proceedings, Allen-Mercer argued that Connection's decision to fine and then evict her was in retaliation for these complaints.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Dismissed for Want of Jurisdiction, in part; Reversed and Rendered, in part; Reversed and Remanded, in part; Affirmed in part

Filed:   August 25, 2016