**Dorothy Thomas McISAAC, Appellant,**

v.

**William Mallinson McISAAC, Appellee.**

**No. 700.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Nov. 29, 1972.

Rehearing Denied Dec. 20, 1972.

**158**

George M. Bishop, Tipton, Bishop & Company, Houston, for appellant.

William Mallison McIsaac, pro se.

SAM D. JOHNSON, Justice.

This is an appeal from an order of the Court of Domestic Relations No. 5 for Harris County, Texas. The order quashes a writ of execution for cost of a deposition taken during the pendency of a divorce action between the parties. The order also permanently enjoins any Sheriff or Constable of the State of Texas from serving any writ of execution based upon such cost. Finally, the order directs the District Clerk to change the fee docket so as to charge appellant with this cost instead of appellee. The amount of costs in controversy is $94.60.

The events which gave rise to this appeal occurred in the following manner. Dorothy McIsaac sued her husband, Dr. William McIsaac in the original divorce action. A divorce decree, dated February 18, 1971, was granted in favor of Dorothy McIsaac. That decree ordered the defendant, Dr. McIsaac, to pay all costs. No appeal was taken from the judgment and it became final. The original bill for costs was paid in full by Dr. McIsaac without the necessity of issuance of a writ of execution in June, 1971.

Prior to the trial, Dr. McIsaac's deposition had been taken but it was never referred to during the divorce proceedings. In addition, Dr. McIsaac's deposition had not been filed with the clerk at the time of preparation of the bill of costs. It was not until approximately fifteen months after judgment, on April 14, 1972, that Dorothy McIsaac filed the deposition. Upon such filing a writ of execution was issued by the clerk for the deposition cost, $94.60. Dr. McIsaac thereupon obtained a temporary restraining order to prevent service of the writ of execution and a hearing on the validity of the issuance of the writ of execution was held. The motion presented at this hearing by Dr. McIsaac was entitled Motion to Correct Taxation of Court Costs. The hearing resulted in the order which is the subject matter of this appeal.

Dorothy McIsaac, plaintiff in the trial court, appears in this Court as appellant. Dr. McIsaac, defendant in the trial court, appears in this Court as appellee.

■ The question which immediately confronts this Court is whether we have jurisdiction to consider this case. As noted previously, the cost of the deposition involved is $94.60. In order for this Court to have jurisdiction of an appeal of an order relating to costs, the amount of such costs must equal the sum required to give jurisdiction in other cases involving only amount in controversy as the basis for jurisdiction. Farnan v. Cartwright, 85 S.W. 2d 650 (Tex.Civ.App.—Austin 1935, no writ). Tex.Rev.Civ.Stat.Ann. art. 1819 (1957) requires that the amount be in excess of $100 exclusive of interest and costs. Thus unless there is some other basis for jurisdiction besides amount in controversy, we cannot entertain this appeal.

Appellant contends that she is appealing from the injunction order enjoining any constable or sheriff of the State of Texas from serving a writ of execution based on the cost of this deposition. We cannot agree with the appellant that the injunction is the basis of this appeal. The injunction is merely incidental to the main relief which appellee sought in the trial court after the deposition was belatedly filed. That relief was the correction of the taxing of costs by the clerk months after the court's original judgment had become final and the cost thereof fully paid.

In its findings of fact and conclusions of law made after the hearing on the motion in the instant situation the trial court found that Dorothy McIsaac did not use due diligence in filing the deposition, that it was not timely filed and that it (the court) had discretion in assessing and taxing the court costs.

We believe it to be apparent that the judge of the trial court in making the instant order relative to the late-filed deposition costs was effectuating his original judgment. The court had previously ordered the division of property, decreed the divorce and adjudged the costs based on what was before it at that time.

The trial court's present order containing the permanent injunction against service of the writ of execution for the late-filed deposition costs was merely a part of the court's direction to the clerk relative to such costs. To hold that the court's injunction provides a basis for jurisdiction in this Court would be to say that in any case in which the amount in controversy is below the jurisdictional minimum for appeal, the trial court could create a jurisdictional base simply by mentioning the word injunction. Further, it is not at all clear that appellant has standing to complain of the injunction as it does not run to her but rather to any constable or sheriff of the State of Texas.

Appeal dismissed for want of jurisdiction.