**Opinion issued July 9, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00363-CV

———————————

## CHARLES RAY CANNON, Appellant

## V.

## SOPHEAK KONG, Appellee

---

**On Appeal from the County Court at Law No. 2 & Probate Court**
**Brazoria County, Texas**
**Trial Court Case No. CI57029**

---

## MEMORANDUM OPINION

Charles Ray Cannon appeals a judgment from the County Court at Law

No. 2 of Brazoria County in a forcible-detainer suit that awarded Sopheak Kong

possession of commercial property and a money judgment of $121. We have asked

the parties to address whether this Court has jurisdiction over this appeal. Having

considered any received responses and the applicable law, we have determined that we do not have appellate jurisdiction. Therefore, we dismiss this appeal.

**No Jurisdiction over Appeal of Forcible-Detainer Judgment
on Issue of Possession of Commercial Property
or Any Findings Essential to that Issue**

A forcible-detainer suit is the judicial procedure for determining the right to immediate possession of real property. TEX. PROP. CODE § 24.002. The justice court in the precinct where the property is located has exclusive jurisdiction over the forcible-detainer action. *Id.* § 24.004(a); TEX. GOV'T CODE § 27.031(a)(2); *see Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 433 (Tex. App.—Houston [1st Dist.] 2007, no pet.). An appeal from the judgment of a justice court in a forcible-detainer action is by trial de novo in a county court. TEX. R. CIV. P. 510.10(c).

When a justice court's judgment in a forcible-detainer suit has been appealed to the county court, there can be no subsequent appeal to an intermediate court of appeals concerning the issue of possession if the suit dealt with property used for *commercial* purposes. *See* TEX. PROP. CODE § 24.007 ("A final judgment of a county court in an eviction suit may not be appealed on the issue of possession unless the premises in question are being used for *residential* purposes only.") (emphasis added); *Carlson's Hill Country Beverage, L.C. v. Westinghouse Rd. Joint Venture*, 957 S.W.2d 951, 953 (Tex. App.—Austin 1997, no pet.).

The prohibition against considering the issue of possession of commercial property "includes consideration of any finding 'essential to the issue of,' 'dependent on,' or 'primarily concerned with the issue of' possession." *Hong Kong*, 229 S.W.3d at 431–32 (internal citations omitted); *see, e.g.*, *Carlson's Hill Country Beverage*, 957 S.W.2d at 953 (holding that breach of lease is "merely an element of possession and may not be appealed"); *A.V.A. Servs., Inc. v. Parts Indus.*, 949 S.W.2d 852, 853 (Tex. App.—Beaumont 1997, no writ) (no jurisdiction to review finding of landlord-tenant relationship because it was issue of possession); *W. Anderson Plaza v. Feyznia*, 876 S.W.2d 528, 536 (Tex. App.—Austin 1994, no writ) (stating that "finding on a threshold issue such as the adequacy of notice before termination cannot be appealed if such a finding is merely an element of the issue of possession").

All parties agree that the lease at issue in this forcible-detainer suit is a commercial lease. Thus, this court does not have appellate jurisdiction over the county court's judgment concerning any possession-centered claims related to this commercial lease, including Cannon's challenges to adequacy of notice to vacate the premises, breach by either party of the commercial lease, and timing of breach as it related to right to possession.[1]

---

[1] One of Cannon's arguments, which he frames as jurisdictional, is his assertion that Kong never obtained adequate service of citation in justice court. Cannon points to the matching dates on two justice-court rulings: an order setting aside a default

3

## No Jurisdiction Over Money Judgment
## Involving Amount in Controversy of $250 or Less

In addition to an award of possession of the commercial property to Kong, the county court awarded a money judgment to Kong of $121. To the extent Cannon challenges this aspect of the county court's judgment, we have no jurisdiction to consider his challenge because $121 is below the minimum amount in controversy for our appellate jurisdiction. TEX. GOV'T CODE § 22.220(a) (establishing as minimum amount in controversy for intermediate courts' appellate jurisdiction an amount that exceeds $250); *see McIssac v. McIssac*, 488 S.W.2d 157, 159 (Tex. App.—Houston [14th Dist.] 1972, writ dism'd) (stating that, for appellate courts to have jurisdiction over appeal of order relating to costs, amount of costs must equal amount in controversy).[2]

---

judgment against him for invalid service and a final judgment for Kong. These matters do not raise an issue of personal jurisdiction to invoke this court's appellate jurisdiction given Cannon's appearance in the justice court, appeal to the county court, and filing of pleadings with the county court. *See Whitmire v. Greenridge Place Apts.*, No. 01-06-00963-CV, 2007 WL 2894167, at *2–3 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (concluding that defendant in forcible-detainer action waived any complaint regarding defects in service of process for justice-court action because defendant subsequently appealed to county court and filed pleading in that court). There is no issue before us concerning personal jurisdiction over Cannon.

[2] Cannon cites to Section 92.0081 of the Property Code in challenging the judgment award, but Chapter 92 has no application in that it deals exclusively with *residential* rental property. *See* TEX. PROP. CODE § 92.002 ("This chapter applies only to the relationship between landlords and tenants of residential rental property.").

**Conclusion**

We dismiss this appeal for lack of jurisdiction.


                                        Sarah Beth Landau
                                        Justice

Panel consists of Justices Lloyd, Landau, and Countiss.